405 So.2d 604 (1981)
Ernest CHAPMAN, Plaintiff-Appellant,
v.
Kenneth C. LEGER, et al., Defendants,
State Farm Mutual Automobile Insurance Company, Appellee.
No. 8371.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
*605 Migues & Leckband, James Miguez, Lake Charles, for plaintiff-appellant.
Stockwell and Associates, Robert S. Dampf, Lake Charles, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX, and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff, Ernest Chapman, sued Kenneth C. Leger and the latter's alleged liability insurer, State Farm Mutual Automobile Insurance Company (State Farm) for personal injury and property damages resulting from an accident on June 23, 1979, between the Chapman and Leger vehicles.
Defendant State Farm filed a motion for summary judgment contending that it did not cover the defendant Leger's vehicle inasmuch as a liability policy issued by it to Leger, and covering his vehicle, had been cancelled on June 7, 1979, some sixteen days prior to the accident date.
The district court granted the summary judgment rejecting plaintiff's demands against State Farm.
Plaintiff has appealed.
The issue on appeal is whether the notice of cancellation was statutorily and jurisprudentially sufficient to avoid coverage for the accident of June 23, 1979.
A review of the affidavits and the cancellation notice filed with State Farm's motion for summary judgment confirms the correctness of the trial court decision.
At the outset, it should be noted that there is no dispute between the parties as to the pertinent facts needed for a determination of the issue before us. The issue here is one of law, and can be resolved by means of summary judgment.
The applicable statutory laws on cancellation of automobile liability insurance policies insofar as this case is concerned are La.R.S. 22:636.1B., which reads:
"A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(1) Nonpayment of premium; ...",
and the pertinent part of Section D. of that statute which states:
"D. No notice of cancellation of a policy to which Subsections B or C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given ...."
An automobile liability insurer has the burden of proving that the policy had *606 been cancelled prior to the date of the accident giving rise to a claim under the policy. Leger v. Lisonbee, 207 So.2d 563 (La.App. 3rd Cir. 1968); such an insurer must show facts which constitute positive and unambiguous proof of understanding of the cancellation of the policy. I. C. Realty, Inc. v. Clifton Conduit Company, etc., 291 So.2d 422 (La.App. 4th Cir. 1974).
The cancellation notice sent to Leger on May 25, 1979, contained in the top left hand corner thereof very clear and conspicuously positioned language in white letters on a black background stating the following:

CANCELLATION NOTICE

Nonpayment of Premium
It further contained the policy identification and date the notice was sent. It also stated:
"We have not received the full amount required to keep this policy in force so in accordance with its cancellation provisions your policy identified in this notice is hereby cancelled effective 12:01 A. M. standard time JUNE-07-79 due to nonpayment of the premium. No further notice will be sent to you."
The notice also contained, in the lower right hand corner thereof a small rectangular frame reproduced as follows:

Amount
 Due [] $112 16
Cancellation
 Date [] Jun-07-79

It is the above reproduced frame and its contents which appellant suggests results in ambiguity, and therefore the whole notice was as susceptible of interpretation as a demand for payment of the balance due as it was of a notice of cancellation.
We disagree and quote approvingly from the district judge's reasons for judgment, as follows:
"... Both counsel agree that if effective cancellation was made by the mover, then mover would be successful in its motion. The only question is whether the insurer complied with the requirements of the appropriate statute by the sending of the cancellation notice, which is one of the exhibits. It's a very close question of law. The Court has reviewed some four or five cases, all wrestling with this particular problem. The burden of proof to show cancellation is upon the insurer, and to satisfy the cancellation requirement the notice must be an unequivocal cancellation. This brings us to an analysis of the notice in question. I think that counsel would agree that were it not for the box in the lower right hand corner of the cancellation notice giving a figure designated as `amount due' that the notice would be satisfactory. Nowhere in the notice does it request payment or demand payment or make cancellation dependent upon future nonpayment. If there is any construction that this is a demand for payment it must arise from the little box which I described earlier. I have reviewed the requirements for cancellation, and it was encumbent upon the insurance company in this case to designate the reason for cancellation. Of course, nonpayment is mentioned three times, so they have satisfied that requirement. It also states in there that it was nonpayment of the full amount. Although the Court doesn't have before it the evidence to support this, I assume that this must be a policy where installment payments are made and not a single payment type of policy. The term `full amount' would indicate this to the Court. I think, in keeping with the requirements of law, the insurance company should communicate to the insured the amount which was not paid. An effective way to do it is to put that figure on the cancellation notice. Nowhere on the cancellation notice does it suggest that the payment of what was not paid will reinstate the policy. I think that in putting the figure with the designation `amount due' the insurance company was satisfying a statutory requirement. This does not change the unequivocal nature of the cancellation notice. Having found that the cancellation notice is unequivocal, I find that it satisfies the statutory requirements and that on the day of the accident, as alleged in the *607 petition, there was no insurance coverage for State Farm Mutual Automobile Insurance Company covering Kenneth Leger, and the motion for summary judgment is sustained."
Appellant suggests that the cases of Ellzey v. Hardware Mutual Ins. Co. of Minnesota, 40 So.2d 24 (La.App. 1st Cir. 1949), and Alexander v. State Farm Mutual Automobile Insurance Company, 148 So.2d 898 (La. App. 1st Cir. 1962) support his position in this appeal. These cases are clearly distinguishable and therefore inapplicable.
It is axiomatic that a determination of whether or not a cancellation notice is sufficient depends upon the language of that particular cancellation notice. The cancellation notices involved in Ellzey and Alexander are significantly different from the one involved in our present case. Those cases involved cancellation notices which indicated that the insured might avoid cancellation by responding to the invitation to remit the premium payment. An examination of the cancellation notice in our case does not contain ambiguities nor suggestions that the insured might avoid cancellation by remitting the premium payment.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.