588 So.2d 783 (1991)
Ruth GOODEN
v.
Will McMORRIS and State Farm Insurance Company.
No. 91-CA-0130.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1991.
Writ Denied January 10, 1992.
*784 Henry P. Julien, Jr., Julien & Julien, New Orleans, for plaintiff-appellant.
William R. Mustian, III, Stanga & Mustian, Metairie, for defendant/appellant.
C. Gordon Johnson, Jr., John A. Kopfinger, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee.
Ivor A. Trapolin, Miles G. Trapolin, Trapolin & Coleman, New Orleans, for intervenor/appellee.
Before SCHOTT, C.J., WILLIAMS, J., and BRYAN, J. Pro Tem.
SCHOTT, Chief Judge.
This case arose out of an automobile accident which occurred on May 31, 1986. The principal issue is whether the insurer of the driver at fault carried its burden of proof that notice of the policy's cancellation was mailed to the insured so as to make the cancellation effective prior to the accident. The trial court dismissed the claims against the insurer and the claimants have appealed.
Ruth Gooden was a passenger in an automobile owned and operated by Wil McMorris who was allegedly insured by State Farm Mutual Insurance Company. In response State Farm denied coverage claiming the policy was effectively cancelled on May 27, 1986. Gooden also joined as a defendant her uninsured motorist insurer, Presidential Fire & Casualty Company. McMorris filed a third party demand against State Farm seeking indemnity and the cost of defending himself against Gooden's claim. Presidential filed a third party demand against McMorris. The Louisiana Department of Health and Hospitals (LDHH) intervened to recover expenses incurred by Charity Hospital in treating Gooden. The parties stipulated that Gooden's total damages were $25,000. Presidential paid to Gooden its UM policy limits of $10,000.
After a bench trial, the court rendered judgment in favor of Gooden against McMorris for $25,000 and against Presidential for $10,000; in favor of LDHH against McMorris for $5,124; and in favor of Presidential against McMorris for $10,000. All claims against State Farm were dismissed. Gooden and McMorris have appealed, both claiming State Farm's proof of cancellation was insufficient. McMorris also contends that his maximum exposure was $25,000 in accordance with the stipulation signed by all counsel.
At the time of these events the pertinent statutes were as follows:
R.S. 22:636.1(D)(1):
No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given.
R.S. 22:636.1(F):
Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.
Robert Burns testified as follows: He was supervisor of the monthly pay plan department of State Farm in Monroe, Louisiana, where the McMorris policy was administered. The policy was cancelled for nonpayment of premiums. When the account was five days in arrears the computer generated a cancellation notice in triplicate, one for the insured, one for the agent, and the third for the file. The insured's copy was mailed to the proper address on May 14, 1986 by certified mail and *785 it stated that the policy would be effectively cancelled on May 27. The records showed that McMorris' policy had previously lapsed for nonpayment of premiums between March 19 and March 25, 1986, and the last payment was made on March 25.
On cross examination Burns explained that the notice was actually mailed by his mailroom and he did not know the name of the clerk doing the mailing nor did he (Burns) personally supervise the mailing.
Appellants argue that this testimony is not sufficient to prove the notice was properly mailed to McMorris citing cases which held that the evidence must establish a completed process of mailing, that is, transmission of the notice through the United States mail. State Farm counters with Hemperly v. Aetna Cas. & Sur. Co., 516 So.2d 1202 (La.App. 2 Cir.1987) where testimony similar to Burns' in the present case was found to be sufficient to establish a prima facie case of mailing.
However, in the instant case there is also the testimony of Sid Goodreaux, the State Farm Insurance agent who wrote McMorris' policy. He testified that he received his copy of the cancellation notice on May 17 and immediately tried to contact McMorris. On May 23 he spoke to McMorris who told Goodreaux he knew the policy would expire on May 27 and asked for time to pay. This shows he had received the notice and supports Burns' testimony of the mailing.
We have concluded that all of this evidence taken together was sufficient to establish a prima facie case that State Farm mailed the notice to McMorris in compliance with the statute. At this point McMorris had the burden of proof to establish nondelivery of the notice. Hemperly, supra, at 1204.
McMorris testified that he received mail sent to him at the address on the notice although he was separated from his wife who lived at the address. He denied he received the notice of cancellation, but, when asked about the conversation with Goodreaux on May 23, 1986, he said he couldn't remember because, "I can't recall back that far." Mrs. McMorris stated that she was living at the address on the notice, she got all the mail, and no mail came from State Farm in 1986. She also stated that she gave McMorris all the mail addressed to him after she looked through it.
The trial judge weighed this evidence and evaluated the credibility of the witnesses. His apparent resolution of the conflict in favor of Goodreaux and against the McMorrises will not be disturbed on appeal. His apparent finding that McMorris received the notice is not manifestly erroneous.
Next appellants contend that the notice itself was insufficient and ambiguous because it contains language authorizing the insured to save the policy by paying the balance on the account. This argument is without merit. The notice clearly states it is a notice of cancellation for non-payment of premium effective May 27, 1986. It also advises that the "monthly account" is closed and may be reopened by payment of the past due balance. This does not contradict or confuse the fact that the insurance is to be cancelled on May 27.
Having concluded that the policy had been properly cancelled prior to the accident, we likewise conclude that the trial court properly dismissed the claims against State Farm, and we turn to the argument by McMorris that the judgment against him is excessive because of the stipulation made by the parties. This position is meritorious.
This stipulation was entered into by all parties and it stated that Gooden's damages "total $25,000 inclusive of any special damages.... Accordingly, damages incurred are being established as part of the record and need not be introduced at trial." The logical construction of this agreement was to limit McMorris' liability to $25,000 including the claims of Presidential and LDHH. Consequently, the judgment in Gooden's favor against McMorris is to be reduced to $9,875.20.
Accordingly, the judgment appealed from is affirmed, but amended to reduce the judgment in favor of plaintiff, Ruth Gooden, *786 against defendant, Will McMorris, to the sum of $9,875.20.
AMENDED AND AFFIRMED.