| sDALEY, Judge.
Wilbert G. Hayes, plaintiff, appeals the trial court’s grant of summary judgment in favor of Western United Ins. Co. in this insurance cancellation dispute-. For the reasons that follow, we reverse and remand for further proceedings.
Plaintiff purchased automobile insurance on or about September 10, 1994 from Louisiana Auto Insurance Agency who procured a policy of insurance from Western United Insurance Company. The policy issued was effective September 10, 1994 and provided coverage for bodily injury, property damage, comprehensive and collision. According to Western, the policy was canceled November 8, 1994 for failure of plaintiff to provide required information. Plaintiff was involved in an accident on December 24, 1994. The ear allegedly is a total loss. Western refused to cover the claim on the basis that the policy was canceled. Plaintiff timely instituted this action to which Western moved for summary judgment on the cancellation issue. The trial court agreed with Western and granted summary judgment, dismissing Western from, | ¾this suit. Plaintiff appeals the determination that there is no genuine issue of material fact regarding the policy cancellation.
LSA-C.C.P. Art. 966 provides, in pertinent part, that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemental or opposed by depositions, answers to interrogatories, or by further affidavits. LSA-C.C.P. Art. 967.
A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect the litigant’s ultimate success or determine the outcome of a legal dispute. Security National Trust v. Kalmback, 613 So.2d 664 (La.App. 2d Cir.1993); Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App. 2d Cir.1992); Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2d Cir.1984). The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2d Cir.1990); Bradford v. Louisiana Downs, Inc., supra.
|4Papers supporting the mover’s position are to be closely scrutinized, whole the opposing party’s are to be indulgently treated, in determining whether the mover has satisfied his burden of proof. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Broom v. Leebron & Robinson Rent-A-Car, Inc., 626 So.2d 1212 (La.App. 2d Cir.1993).
A summary judgment is not appropriate where the trier of fact must weigh conflicting evidence in order to reach a conclusion upon which reasonable men could differ. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983); Pitre v. Louisiana Tech University, 596 So.2d 1324 (La. *230 App. 2d Cir.1991). Summary judgment is not an appropriate vehicle for the disposition of a ease, the ultimate decision in which will be based upon opinion evidence or the judicial determination of subjective facts. Whitney v. Mallet, 442 So.2d 1361 (La.App. 2d Cir.1983), writ denied 445 So.2d 437 (La.1984). A motion for summary judgment is not to be used as a substitute for trial. LSA-C.C.P. art. 966. Odom v. Hooper, 273 So.2d 510 (La.1973).
Plaintiff contends the trial court erred in two respects. First, defendant failed to comply with the statutory requirements of LSA-R.S. 22:636.1 for cancellation of the policy. Second, plaintiffs affidavit raises genuine issues of material fact regarding compliance with the Western notices precluding summary judgment.
Defendant maintains the statutory requirements for cancellation were met. They contend LSA.R.S. 22:636, not section 636.1, is applicable because the policy had been in effect less than sixty days. Therefore, according to Western, the trial court properly granted summary judgment based on the cancellation.
RTitle 22, sections 636 and 636.1 provide, in pertinent part, as follows:
LA R.S. 22:636, Cancellation by insurer
A.Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(l)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except where termination of coverage is for nonpayment of premium.
(b) Upon the written request of the named insured, the insurer shall provide to the insured in writing the reasons for cancellation of the policy. There shall be no liability on the part of and no cause of action of any nature shall arise against any insurer or its agents, employees, or representatives for any. action taken by them to provide the reasons for cancellation as required by this Subparagraph.
(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
(3) Where written notice of cancellation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of mailing.
(4) Any policy may be canceled by the company at any time during the policy period for failure to pay any premium when due whether such premium is 16Payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective. Nothing in this Code shall mandate a separate notice of lapse for nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
D. The portion of any premium paid to the insurer on account of the policy, including unearned commission, unearned because of the cancellation and in amount as computed on the pro rata *231 basis, must be actually paid to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, or by check, bank draft, or money order.
[[Image here]]
LA R.S. 22:636.1, Automobile liability insurance policies, cancellations
[[Image here]]
|7B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
(b) The driver’s license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period, or, if the policy is a renewal, during its policy period or the one hundred eighty days immediately preceding its effective date.
(c) Fraud or material misrepresentation in the presentation of a claim.
(d) Nonreceipt by the insurer of an application for insurance in which a valid binder has been issued.
(2) This Subsection shall not apply to nonrenewal or to any policy or coverage which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy.
After an insurer has paid and satisfied an insured’s third physical damage claim, the modification of such insured’s automobile physical damage coverage by the inclusion of a deductible not exceeding fifty dollars shall not be deemed a cancellation of the coverage or of the policy. (Emphasis added)
[[Image here]]
F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown |8in the policy, shall be sufficient proof of notice.
[[Image here]]
Because this was a policy in effect less than sixty days, the provision of section 636, not section 636.1, are applicable to the cancellation of the policy. Harang v. Sparacino, 257 So.2d 785 (La.App. 4th Cir.1972). Thus, the twenty day notice of cancellation provision of section 636(A)(1)(a) is applicable.
Defendant supported the motion for summary judgment with documentation showing notices were timely sent to and received by plaintiff under section 636 requesting information on the length of time Dana Hayes had been a licensed driver. Because the requested information was not received by Western, the policy was canceled effective November 8,1994, before the accident giving rise to this litigation. Thus, defendant met their burden of proof that no genuine issue of material fact existed and the burden then shifted to plaintiff to show in fact that material factual issues are in existence.
In opposition to summary judgment, plaintiffs affidavit shows he complied with all directives of the defendant regarding submitting the required information on the length of time Dana Hayes had been a licensed driver by providing the information to the agent from whom the policy was purchased, Louisiana Auto Insurance Agency. Further, plaintiffs affidavit shows that the Louisiana Auto Insurance Agency agent advised plaintiff to disregard the cancellation notices because the requested information had been sent to Western. Defendant has failed to rebut these allegations via affidavits. Thus, genuine issues of material fact exist relative to plaintiffs compliance with the notice requests sufficient to avoid cancellation of the policy.
laAccordingly, for the above reasons, we reverse the trial court’s grant of summary judgment and remand this matter for further proceedings. Western to bear all costs of this appeal.
REVERSED AND REMANDED.