*996
ON REMAND FROM THE SUPREME COURT OF LOUISIANA

BYRNES, Judge.
In this case involving automobile insurance coverage, the Louisiana Supreme Court reversed the opinion of this court and found that Louisiana Indemnity Company/Patterson Insurance Company (“Patterson”) complied with the ten-day minimum notice requirement for cancellation of the binder and remanded this case for consideration of other issues. We affirm.
The following facts are provided from the prior appellate decision of this court:
The collision occurred on February 12, 1993. Plaintiffs, Margaret A. Johnson and Carol Johnson Travis, filed a petition for damages on February 14, 1994, alleging that plaintiffs’ vehicle was struck in the rear by the 1973 Ford Galaxy owned by the Davises. The Davises filed a third party demand against Patterson and All-South Auto Insurance Agency (“All-South”). The Davises alleged that they paid AllSouth a cash payment of $159 to secure liability coverage and entered into an insurance premium finance agreement with Insurance Premium Service Plan, Inc. to cover the balance of the insurance premium which totaled $353. The Davises also alleged that Patterson issued a binder through AllSouth with an expiration date of April 4,1993.
On May 1, 1995, the trial court held a hearing concerning the sole issue of coverage. Patterson | introduced three exhibits into the record. Exhibit “A” was an affidavit of Penni Davis, Underwriting Manager for Patterson, who stated that no completed application or policy premium payment was found by any party in connection with the binder issued to Barbara Davis, and Patterson issued no insurance policy to Barbara or McKinley Davis. Exhibit “B” was the notice of cancellation, and Exhibit “C” was the proof of mailing of the cancellation notice postmarked October 27,1992.
The parties stipulated to the following:
On October 14, 1992, Patterson issued a binder to AllSouth, and on October 27, 1992 Patterson issued and mailed a notice of cancellation to Barbara Davis.
Johnson v. Davis, 95-1425, p. 1 (La.App. 4 Cir. 3/14/96), 673 So.2d 220, 221.
The trial court found that Patterson’s notice of cancellation was defective, and this court agreed based on the finding that the notice of cancellation was untimely. On Patterson’s application for writs to the Supreme Court, that Court ruled that the notice of cancellation was timely and remanded to this court for review of the other issues.
In its Per Curiam ordering the remand, the Louisiana Supreme Court states:
Section 636.1 of Title 22, relative to cancellations of automobile insurance policies, provides in pertinent part: “In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective.” LSA-R.S. 22:636.1(D)(1). The same subsection authorizes the cancellations to be noticed by mail. Moreover, section 636.1 articulates a specific rule for computing the ten-day notice period for written notices of cancellation....
Johnson v. Davis, 96-1640, p. 1 (La. 10/4/96), 680 So.2d 1170.
Therefore, we are treating this remand as a determination by the Supreme Court that the ten-day notice provision found in La.R.S. 22:636.1(D)(1) applies.[1] [gBased *997 on this determination by the Supreme Court that the ten-day notice provision applies, we find that the next two sentences of LA.R.S. 22:636.1(D)(1) which was in effect at the time relevant to this litigation must also apply as follows:
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonre-newal.[2] [Emphasis added.]
| ¿On remand this court reviews Patterson’s other claims that the notice of cancellation was adequate, and that Patterson was not limited to one of the four reasons for cancellation listed under La.R.S. 22:636.1(B)(2) because the binder was in effect less than sixty days at the time notice of cancellation was mailed.
La.R.S. 22:636.1 mandates strict compliance for notice of cancellation of an insurance policy. The notice of cancellation provisions of the insurance code apply to binders for automobile insurance. Payne v. Old Hickory Ins. Co., 532 So.2d 956 (La.App. 5 Cir.1988), writ denied 536 So.2d 1241 (La.1989). Notice is required to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La.1973); Rachuba v. Hickerson, 503 So.2d 570, 571 (La.App. 4 Cir.1987).
Counsel agreed that Patterson’s notice of cancellation stated:
You are Hereby Notified That Binder Number BM1014015 issued by LOUISIANA INDEMNITY CO. is Hereby CAN-CELLED In Accordance With the Conditions of the Binder. Said Cancellation To Be Effective On And After 12:01 am Standard Time: 11/06/92
Reasons for Cancellation: COMPANY REQUEST
To REINSTATE, Remit Premium and A Satisfactory Application Before the Effective Date of Cancellation.
Patterson correctly claims that it is not limited to one of the four reasons for cancellation under Subsection (1) of La.R.S. 22:636.1(B)[3] because that subsection 15does *998 not apply where the coverage was in effect less than sixty days. La.R.S. 22:636.1(B)(2). However, the fact that the insurance company may be permitted to cancel for a reason other than one of the four enumerated reasons under Subsection (B)(1) does not mean that the company does not have to give adequate notice of the reason.[4] The only exception to the notice requirement permitted by the statute under the circumstances as presented by the facts of this case would be where the notice states or was “accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation” under Subsection (D)(1). The notice of cancellation before us 16Contains no such statement nor is it accompanied by any such statement. Therefore, the reason for cancellation must be contained within Patterson’s notice.
Patterson argues that the reasons for cancellation were not limited to the words “COMPANY REQUEST” in its notice to the policy holder. Patterson asserts that it adequately notified the policy holder of the reason for cancellation by following the words “COMPANY REQUEST” with the language that notified the policy holder that she could reinstate her policy by remitting the premium and a satisfactory application before the. effective date of cancellation.[5]
The requirement of the statute that the reason must be given is a requirement that information is to be given to the policy holder. “COMPANY REQUEST” applies to any and all reasons a company cancels a policy. Therefore, “COMPANY REQUEST” is equivalent to no reason as it gives no hint of the real reason and therefore furnishes the policy holder with no more information than had he just received a policy cancellation notice containing no reason.
Even if the Reason for Cancellation: “COMPANY REQUEST” were interpreted with the next sentence in Patterson’s notice to the policy holder, the requirement for reinstatement is not a reason for cancellation. A demand for payment of the balance due rather than an unequivocal notice of cancellation is insufficient to serve as a notice of cancellation. Hemperly v. Aetna Cas. & Sur. Co., 516 So.2d 1202 (La.App. 2 Cir.1987); Ellzey v. Hardware Mut. Ins. Company of Minn., 40 So.2d 24 (La.App. 1 Cir.1949). The language in the ^notice of cancellation which delineated the requirement for reinstatement of the binder coverage during the delay period, did not provide the insured with the reason that the binder was being canceled. There was no way for the Davises to know whether the reinstatement requirements were separate from and/or in addition to the reasons for cancellation. In other words there was no way for the Davises to tell if the Patterson notice, in effect, said that, “We are canceling your binder for reason ‘X’ but if you do ‘Y’ and ‘Z’, we will reinstate it.”
Further, if an ambiguity exists in an insurance policy contract [including binders], the ambiguity must be construed -in favor of the party seeking coverage. Riley v. Transamerica Ins. Group Premier Ins. Co., 923 F.Supp. 882 (E.D.La.1996). Ambiguous policy provisions must be construed in favor of coverage and against the insurer that issued the policy. Whiddon v. Hutchinson, 94 2000 (La.App. 1 Cir. 2/23/96), 668 So.2d 1368, writs denied 96-0731 (La.5/10/96), 672 So.2d *999 923. An automobile liability insurer has the burden of proving that a policy has been canceled prior to the date of the accident giving rise to a claim under the policy, and the insurer must show facts which constitute positive and unambiguous proof of understanding of cancellation of the policy. Chapman v. Leger, 405 So.2d 604 (La.App. 3 Cir.1981).
In the present case the most favorable view that we could take of Patterson’s argument is that the reference to the renewal requirement in the notice creates an ambiguity which arguably could have informed the policy holder of the reason for cancellation. However, if another explanation of the ambiguity exists, and has an equally acceptable interpretation but favors the policy holder, and the alternative interpretation is more consistent with the appearance, form and structure of the notice, i.e., that the renewal requirements are separate and unrelated to the ^cancellation of the policy, the ambiguity must be decided in favor of the policy holder. In the present case if the language of the notice were arguably ambiguous, the ambiguity is decided in favor of the policy holder.
Therefore, even if we assume for purposes of argument that one legitimate reading of the notice is that the reinstatement requirement could be read in conjunction with “COMPANY REQUEST” and that it is sufficiently clear to inform the Davises of the reasons for cancellation, that does not change the fact that it is just as reasonable to say, (which is ambiguity by definition), that the reinstatement requirement is unrelated to “COMPANY REQUEST”, or if it is related, it is not sufficiently clear that it is the reason for cancellation. We are required to resolve this ambiguity in favor of the Davises. We do not believe that it imposes an undue burden on Patterson to say in its notice that: “Your policy is being canceled for non-payment of premium and failure to fill out the application,” or other straightforward words to that effect.
Patterson did not provide adequate reason for cancellation of the policy binder. Thus the notice of cancellation was defective. Therefore, Patterson’s insurance coverage continued through the date of the accident on February 12,1993.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. This determination by the Supreme Court that the ten-day notice provision found in La.R.S. 22:636.1(D)(1) applies, appears to conflict with the previous holding of this court in Harang v. Sparacino, 257 So.2d 785 (La.App. 4 Cir.1971), wherein this court found that Section 22:636 applied, and Section 636.1 did not apply. See also Hayes v. Western United Ins. Co., 96-556 (La.App. 5 Cir. 11/14/96), 685 So.2d 228. To the extent that Harang and Hayes may conflict with the instructions we have received from the Supreme Court, the Supreme Court’s remand and instructions take precedence. The effect of the Supreme Court's remand appears to be one of requiring that we look to the provisions of La. R.S. 22:636.1 whenever an automobile liability insurance policy is involved regardless of whether the policy had been in effect for more than sixty days. This appears to be consistent with the language of Section 636.1 as a whole and the title of that Section which states: "Automobile liability insurance policies, cancellation." We therefore infer from the implication of the Su *997 preme Court's remand that the enactment of Section 636.1 obviates the necessity of referring to Section 636 in matters involving cancellation of automobile liability insurance policies.

. The requirement that the reason for cancellation to be given is placed at the end of Paragraph (DX1), indicating that the requirement that the reason be given applies to both the ten-day notice requirement and the thirty-day notice requirement as both are antecedents to the requirement that a reason must be given.
As it is obvious that in Section 636.1 the legislature intended that no binder or policy be canceled without notice, we assume that Section 636.1(D)(1) which required both notice and reason for notice must apply as there is no other provision that does apply.

. La.R.S. 22:636.1(B) provides:
(B) (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
(b) The driver’s license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period, or, if the policy is a renewal, during its policy period or the one hundred eight days immediately preceding its effective date.
(c) Fraud or material misrepresentation in the presentation of a claim.
(2) This Subsection shall not apply to nonre-newal or to any policy or coverage which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered by *998 the insurer unless it is a renewal policy. After an insurer has paid and satisfied an insured's third physical damage claim, the modification of such insured’s automobile physical damage coverage by the inclusion of a deductible not exceeding fifty dollars shall not be deemed a cancellation of the coverage or of the policy.

. In its brief, Patterson does not contest that it was required to state why coverage was canceled but claims that its stated reason for cancellation was adequate. In fact, Patterson stated: "Patterson Insurance Company was required to state why coverage was canceled....” [Emphasis added.]

. We note in Patterson's brief that in quoting the language from the notice of cancellation, Patterson leaves out the blank line spacing between the “Reasons for cancellation: COMPANY REQUEST” and the reinstatement requirements. This space is significant because it emphasizes that the two portions of the notice are unrelated. The notice consists of three paragraphs, each set apart from the other, and apparently each is unrelated to the other.