|, COOKS, Judge.
STATEMENT OF THE CASE
Evelyn Lemons purchased a new Ford Explorer in the summer of 1999 in Houston, Texas. On August 6, 1999, she obtained liability and collision insurance with Safeway Insurance Company through its agent, Handley-Traske Insurance Agency and financing from Assurance, Ltd., a premium finance company. Monthly payments were to be made either to Assurance, Ltd. or to Handley-Traske. When she purchased the Safeway policy, Ms. Lemons was informed by Ms. Traske she needed to provide registration information on the automobile. Ms. Lemons testified she had not yet received the registration certificate from the dealership in Houston.
In September 1999, her policy with Safeway was canceled. Notice of cancellation provided the reason as “underwriting reasons.” Ms. Traske testified the reason for the policy’s cancellation was failure to provide proof of ownership on the vehicle. Ms. Lemons, however, testified she assumed the policy was cancelled for nonpayment of the monthly premium. Two facts in the record support her assumption: First, Ms. Lemons had a history of late payments on the monthly premium, and; second, Safeway issued another policy in October without receipt of the registration information on the vehicle.
In October 1999, Ms. Lemons again obtained insurance from Safeway through its agent, Handley-Traske, on the 1999 Ford Explorer and made financial arrangements with Assurance, Ltd. for the payment of the monthly premiums. Safeway issued policy number 177251 having a policy period of October 21, 1999, to April 21, 2000. Handley-Traske again requested registration information on the vehicle. Ms. Lemons testified she was still waiting for the information from the Houston dealership when she purchased the second Safeway policy.
li>On November 10,1999, Safeway mailed a notice of cancellation by certified mail to Ms. Lemons which stated the following:
*910 You are hereby notified that in accordance with the terms and conditions of your automobile policy SL 177251 and the provisions of Section 636.IB of the Louisiana Insurance Code, your insurance will cease at 12:01 A.M. Standard Time on 12/10/99 for the reason indicated on the reverse side: H
The reverse side of the cancellation notice provided in relevant part:
REASON FOR CANCELLATION
H. Underwriting reasons.
It is undisputed the notice of cancellation sent by certified mail was not received by Ms. Lemons. It was marked “unclaimed” by the post office and returned to Safeway. Ms. Lemons did receive a different notice of cancellation by regular mail which indicated her policy would be canceled for nonpayment of the premium unless payment was received by the end of the day December 3, 1999. On December 3, 1999, Ms. Lemons paid the premium on the policy to Ms. Traske. Ms. Traske accepted payment and did not inform Ms. Lemons that her policy would be canceled on December 10,1999.
On December 12, 1999, Ms. Lemons’ vehicle was involved in an automobile collision in Mississippi. She submitted a collision claim to Safeway. Safeway denied the claim, arguing the policy was canceled on December 10, 1999, relying on the notice of cancellation sent on November 10, 1999.
Ms. Lemons filed suit against Safeway. The parties agreed to try the issue of liability separately. After trial on the merits, the trial judge rendered a judgment in favor of Safeway, stating:
Safeway followed the procedure set out in R.S. 22:636.1. The evidence of notice was introduced along with a stipulation that the postal official would testify that two notices were left with the plaintiff of the certified letter of cancellation.
|RThe plaintiff was unable to testify unequivocally that she had not received it. She did not recall receiving it. Her daughter’s testimony in support of receipt was unworthy of belief.
Therefore, this Court finds that the plaintiff failed to rebut the presumption created by the defendant’s evidence.
Ms. Lemons filed this appeal. For the reasons assigned below, we reverse the judgment of the trial court and remand for trial on the issue of damages.
LAW AND ARGUMENT
Louisiana Revised Statute 22:636.1(D)(1) provides the procedure for cancellation of automobile insurance policies:
No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured as least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation.
(Emphasis added.)
Louisiana Revised Statute 22:636.1(F) provides in relevant part:
*911 Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for, cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.
When an insurer can establish a prima facie case that the notice of cancellation was mailed in accordance with the statute, the burden shifts to the insured to establish non-delivery of the notice. Doucet v. State Farm Ins., 99-663 (La.App. 5 Cir. 11/30/99); 748 So.2d 1228.
The trial court found Safeway' established proof of notice of cancellation under |4La.R.S. 22:636.1(F) by producing the certified letter marked “unclaimed” and by introducing the testimony of the postal supervisor regarding the standard procedure for notice regarding certified mail. The trial court found Safeway met the statutory requirements and Ms. Lemons was unable to demonstrate she did not receive two postal notices informing her of the existence of the certified letter. The judge, then, concluded Ms. Lemons had adequate notice of cancellation.
We disagree. Even assuming Ms. Lemons received the certified letter from Safeway, the notice of cancellation failed to meet the requirement La.R.S. 22:636.1(D)(1) which provides the notice must state the reason for the cancellation of the policy or must be “accompanied by a statement that upon written request of the named insured ... the insurer will specify the reason for such cancellation.”
The requirements set forth in La. R.S. 22:636.1(D)(1) are mandatory and are designed to notify the insured his policy is being terminated, to provide the reason for the termination and to afford him ample time to obtain other insurance protection. Johnson v. Davis, 95-1425 (La.App. 4 Cir. 3/5/97); 690 So.2d 995. The burden of proof is on the insurer to establish facts which show “positive and unambiguous proof of understanding of the cancellation of the policy.” Chapman v. Leger, 405 So.2d 604, 606 (La.App. 3 Cir.1981).
The notice sent by Safeway to Ms. Lemons did not adequately inform her of the reason for the cancellation or give her an opportunity to correct the problem prior to the loss of coverage. Safeway contends the policy was canceled because Ms. Lemons failed to provide proof of ownership. Nowhere in the notice is this reason stated in clear and unambiguous language.
In Johnson v. Davis, 95-1425 (La.App. 4 Cir. 3/5/97); 690 So.2d 995, the notice of cancellation stated the reason as “COMPANY REQUEST”. The court | ¿found the notice of cancellation was inadequate to deny coverage and stated:
The requirement of the statute that the reason must be given is a requirement that information is to be given to the policy holder. “COMPANY REQUEST” applies to any and all reasons a company cancels a policy. Therefore, “COMPANY REQUEST” is equivalent to no reason as it gives no hint of the real reason and therefore furnishes the policy holder with no more information than had he just received a policy cancellation notice containing no reason.
Id. at 998.
There was nothing in the notice of cancellation which gave Ms. Lemons notice that the reason for the cancellation was her failure to provide proof of ownership of the vehicle. We, therefore, find Safeway failed to meet the requirements of La.R.S. 22:636.1(D)(1).
DECREE
For the foregoing reasons, the judgment of the trial court is reversed. All costs of *912 this appeal are assessed to Safeway Insurance Company.
REVERSED.