hKOSTELKA, Judge Pro Tempore.
Gary D. Hale, Erica Hudson, and Tava Hudson (collectively, the “appellants”) appeal a judgment of the First Judicial District Court in favor of Financial Indemnity Company (“Financial”), determining that a policy of insurance previously issued by Financial had been properly canceled. For the following reasons, we affirm.
Facts
These cases stem from a motor vehicle accident which occurred on January 31, 1997 involving vehicles driven by Casey Corley (“Casey”), Gary Hale (“Hale”), and Erica Hudson. Tava Hudson was a passenger in Erica Hudson’s vehicle. As claimed in the consolidated lawsuits of Hale and the Hudsons, the accident was caused by Casey’s negligent operation of a 1992 Ford F-150 pickup truck allegedly covered by a policy of insurance (the “policy”) issued by Financial in favor of Casey’s father, Michael Corley (“Michael”). Financial answered the lawsuit and denied coverage, stating that the policy had been canceled as a result of nonpayment of premium at a date previous to the accident.
The policy had an effective period of August 5, 1996 through February 5, 1997; however, a cancellation notice for nonpayment of premium was mailed by Financial to Michael at the address listed on the application which was stated to be P.O. Box 296, Sibley, Louisiana 71073. The notice stated that in the event the premium was not remitted by January 4, 1997, the policy would be canceled effective January 5, 1997. Payment was not made as requested, and the policy was canceled; thus, the vehicle | ^listed on the policy and driven by Casey was uninsured on the date of the accident.
A bifurcated trial on the issue of insurance coverage was held. Testimony was given by three witnesses: Casey, Michael, and Janet Hanson (“Hanson”), the general manager of Webster Insurance Agency, which sold the policy to Michael. After considering the evidence, the trial court granted judgment in favor of Financial *1058 finding that no insurance coverage applied. This appeal by Hale and the Hudsons ensued.
Discussion
The sole assignment of error raised by the appellants is whether the trial court erred in its determination that there was no insurance coverage on the date of the accident as a result of the policy being canceled for nonpayment of premium. Specifically, the appellants argue that the Proof of Service by Mail prepared by Financial stating that the notice of cancellation was mailed does not include a zip code, although it sets forth the street address, city and state to which the notice of cancellation was mailed. Appellants maintain that this omission on the certificate of mailing is fatal and is not sufficient proof that the notice of cancellation was properly mailed to either Michael or Casey. We disagree.
Louisiana R.S. 22:636.1 provides, in pertinent part, as follows:
B.(l) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons: (a) Nonpayment of premium.
[[Image here]]
|aD.(l) ... when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given.... Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail....
[[Image here]]
F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.
The burden of proving that an insurance policy has been canceled for nonpayment of premium prior to the date of a loss giving rise to the denied claim is on the insurer. Folds v. Protective Cas. Ins. Co., 26,323 (La.App.2d Cir.12/07/94), 647 So.2d 1215; Burge v. Allstate Ins. Co., 97-1087 (La.App. 5th Cir.04/15/98), 710 So.2d 1196, citing, Chapman v. Leger, 405 So.2d 604 (La.App. 3d Cir.1981). Where the evidence is sufficient to establish a prima facie case that the insurer mailed the cancellation notice in compliance with the relevant statute, the burden shifts to the insured to establish non-delivery of the notice. Burge, supra, citing, Gooden v. McMorris, 588 So.2d 783 (La.App. 4th Cir.1991), writ denied, 590 So.2d 1202 (La.1992).
Following the trial on the issue of insurance coverage, written Reasons for Judgment in favor of Financial were entered by the trial court, wherein the following factual determinations were made:
... Casey Corley received and ignored the notices mailed by Financial Indemnity [Company] ... thus, no coverage existed on the date of the accident, January 31, 1997 (cancellation having been made on January 5, 1997), because of nonpayment of premiums and cancellation — a fact which Casey Corley probably knew in light of his alleged flight from the accident scene, on January 31, 1997.
4 Although Financial’s Proof of Service by Mail failed to list the zip code as part of the mailing address, this one omission does not serve to invalidate the effectiveness of the policy’s cancellation in light of all of the evidence at trial.[1] The statute does not mandate that proof of proper mailing of a notice of cancellation be only *1059 by sworn affidavit that such was mailed. In this case, the trial court had other documentary evidence before it (in addition to the disputed Proof of Service by Mail), as well as the testimony of witnesses that the notice of cancellation was mailed to “the named insured at the address shown on the policy....” Based on that, the trial court made a factual determination that the insured, i.e., Michael, had been properly notified of the cancellation of his insurance.
A court of appeal may not set aside a trial court’s findings of fact unless there is manifest error or the trial court is clearly wrong. Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. If the fact-finder’s findings are reasonable in fight of the record, viewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Reasonable evaluations of credibility and inferences of fact should not be disturbed upon review where conflict exists in the testimony. Absent a finding of | .^manifest error, the judgment should be upheld. Peterson Contractors, Inc. v. Herd Producing Co., 35,567 (La.App.2d Cir.02/27/02), 811 So.2d 130.
Here, the trial court’s factual determination was entirely reasonable and not clearly wrong in fight of all the evidence before it. Although the Proof of Service by Mail prepared by Financial fists the address to which the Notice of Cancellation was allegedly mailed without the zip code, such an omission in fight of the other documentary evidence and testimony at trial is not critical. In other words, Financial was able to establish a prima facia case that the notice of cancellation was properly mailed to the mailing address made part of the policy and as required by statute.
The copy of the application of insurance produced at trial indicated a mailing address for the insured of P.O. Box 296, Sibley, LA 71073. Michael signed the application, stating that the information therein was “accurate and truthful.” On the application, Casey was fisted as an operator of the vehicle and was an insured pursuant to the terms of Financial’s Family Car Policy which was also an exhibit at trial. The declarations page, a part of the policy pursuant to its terms, also showed the mailing address for Michael to be P.O. Box 296, Sibley, Louisiana 71073. Finally, and most importantly, the trial court considered a copy of the actual Notice of Cancellation for nonpayment of the insurance premium mailed to Michael which clearly indicated the precise and entire mailing address stated on the insurance application and declarations page, including the zip code. Said copy was made an exhibit at trial by Financial without objection.
|fiThe trial court’s factual finding is also reasonable in fight of the testimony at trial which indicated that all notices by Financial to Michael had previously been mailed to the address fisted on the application, i.e., the Sibley post office box. Hanson testified that Michael’s policy premiums were paid on a monthly basis direct to Financial and Financial mailed bills for the premiums to the address fisted on the application. Hanson stated that there was never any problem about the notices not being sent to the correct address or any change in the mailing address. In fact, Hanson testified that when the policy was subsequently renewed, she was explicitly instructed by Michael to keep the same mailing address at the Sibley post office box.
*1060 In its Reasons for Judgment, the trial court noted the inconsistent testimony by Michael and Casey which attempted to establish the non-delivery of the notice of cancellation. Specifically, Michael denied that his automobile insurance had ever been canceled due to nonpayment of the policy premium despite records of the Department of Motor Vehicles that indicated otherwise. Additionally, Casey denied receiving premium notices from August, 1996 through January, 1997, although payment of same was clearly made during that time period. In light of such, it was not unreasonable for the trial court to consider Hanson’s testimony more credible and give it more weight in the final determination.
So considering, Financial produced pri-ma facia evidence that the notice of cancellation was mailed to the proper address— notwithstanding the omission of the zip code on the Proof of Service by Mail. Thus, the trial court reasonably determined that the policy was effectively canceled as of |7January 5, 1997 for failure to timely pay the premiums due, and there was no manifest error in that ruling. Accordingly, there was no insurance coverage under the Financial policy as of the date of the accident.
Conclusion
For the foregoing reasons, the trial court’s judgment in favor of Financial Indemnity Company and against Gary D. Hale, Erica D. Hudson and Tava M. Hudson is affirmed, with costs assessed to the appellants.
AFFIRMED.

. Financial's Proof of Service by Mail, which appears to be computer generated, set out a list of all notices of cancellation presumably mailed on the same date to various insureds by the company. None of the addresses listed a zip code.