STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1348


RACHEL ALEXANDER

VERSUS

TERRA NOVA INSURANCE COMPANY, LTD., ET AL.


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2003-2126
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED.**

Kyle L. Gideon
Christopher J. Piasecki
Kevin M. Dills
Davidson, Meaux, Sonnier & McElligott
Post Office Drawer 2908
Lafayette, LA 70502
(337) 237-1660
COUNSEL FOR PLAINTIFF/APPELLEE:
    Rachel Alexander


Jan P. Christiansen
Hudson, Potts & Berstein, L.L.P.

**Post Office Drawer 3008**
**Monroe, Louisiana 71210-3008**
**(318) 388-4400**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Terra Nova Insurance Company, Ltd., Et Al.**

PETERS, J.,

Terra Nova Insurance Company, Ltd. (Terra Nova), and Winchester General Agency, Inc. (Winchester), two of the defendants in this litigation, appeal the trial court grant of a partial summary judgment in favor of the plaintiff, Rachel Alexander, holding that Terra Nova provided Ms. Alexander a policy of homeowner's insurance, issued through Winchester, which was in full force and effect on October 3, 2002. For the following reasons, we affirm the trial court judgment.

### DISCUSSION OF THE RECORD

The facts giving rise to this litigation are not in dispute. In March of 2000, Ms. Alexander purchased a home in Lafayette, Louisiana, and financed the purchase price through Cendant Mortgage Corporation (Cendant Mortgage). The financing arrangement with Cendant Mortgage included an escrow account for her insurance premiums. Ms. Alexander contacted Metro Insurance Agency, Inc. and its agent, Clayton Williams (hereinafter collectively referred to as "Metro/Williams"),[1] to obtain a policy of homeowner's insurance to cover her new home. Metro/Williams applied for and obtained coverage for Ms. Alexander from Terra Nova through Winchester, Terra Nova's authorized agent.[2]

Thereafter, the collection of insurance premiums due by Ms. Alexander to Terra Nova followed the usual custom for mortgaged property with an escrow account for such premiums: Metro/Williams invoiced Cendant Mortgage when a premium was due; Cendant Mortgage then took funds from the escrow account and paid the premium to Terra Nova.

---

[1] Mr. Williams and Metro Realty Company, Inc., another "Metro" business with which he was associated, had helped Ms. Alexander obtain her loan.

[2] Neither Metro Insurance Agency, Inc. nor Mr. Williams was authorized to represent Terra Nova as an insurance producer.

This routine continued without incident until the premium for the policy year ending on March 26, 2003 became due. On January 25, 2002, Winchester reminded Metro/Williams that the policy was up for renewal. Metro/Williams then contacted Ms. Alexander for her approval of the renewal. On March 11, 2002, Ms. Alexander responded in writing that she wished to renew the policy at the stated annual premium of $505.05. On that same day, having received Ms. Alexander's approval, Metro/Williams faxed Winchester requesting that a binder, or temporary policy, for the renewal of the policy be issued. Immediately on receipt of the request, Winchester faxed the requested binder to Metro/Williams. Winchester then forwarded Metro/Williams the policy, which provided insurance through March 26, 2003.

This litigation arises because payment of the premium from the escrow account did not immediately follow. Winchester forwarded Metro/Williams a notice or reminder that the premium was due and, when it received no response, forwarded a second notice to the effect that the premium was past due.[3] When this second notice received no response, on April 17, 2002, Terra Nova sent a notice of cancellation of the policy effective May 18, 2002. The specific reason for cancellation was non-payment of the premium.

On April 19, 2002, Metro/Williams responded to the cancellation notice by notifying Cendant Mortgage of Terra Nova's action. Five days later, on April 24, 2002, Cendant Mortgage issued a $505.05 check to Metro/Williams from Ms. Alexander's escrow account. Metro/Williams deposited the check in one of its accounts, but never forwarded the premium to Terra Nova or Winchester.

---

[3]Winchester forwarded these notices only to Metro/Williams.

On October 3, 2002, Ms. Alexander's home sustained damage when a storm struck the Lafayette, Louisiana area. When Terra Nova denied her claim for property damage under the policy, Ms. Alexander filed the instant suit against several defendants, including Terra Nova, Winchester, Metro/Williams, and Cendant Mortgage. Terra Nova and Winchester responded to the suit by filing, among other pleadings, motions for summary judgment asserting that, because there were no genuine issues of material fact in the litigation, they were entitled, as a matter of law, to a judgment finding the policy cancellation effective and dismissing the suit as to them. These motions were supported by the affidavit of John Smith, president of Winchester. This affidavit narrated the early 2002 chronology of events, declared that Winchester was an authorized agent of Terra Nova, and asserted that Metro/Williams was acting as Ms. Alexander's agent in the procurement of the homeowner's policy at issue.

In opposition to these motions, Ms. Alexander offered her affidavit, stating in essence that she had always timely paid her insurance premium, which was included in her house note paid to Cendant Mortgage; that she depended on Mr. Williams and Cendant Mortgage to timely forward the payments to Terra Nova; and that she thought she was insured when her house was damaged in the October 2002 storm. Ms. Alexander also introduced the deposition of Mr. Williams wherein he stated that Metro/Williams was not an authorized agent for Terra Nova and that he had received the premium check from Cendant Mortgage and deposited it in a Metro/Williams account. Ms. Alexander then filed a cross-motion for partial summary judgment seeking a declaration that the Terra Nova policy afforded coverage for her damages.

After a hearing, the trial court denied the defendants' motions for summary

3

judgment and granted Ms. Alexander's cross-motion for summary judgment. Specifically, the trial court found, as a matter of law, that Metro/Williams was Terra Nova's agent, and that Terra Nova did not have the right to cancel the policy at issue. After the trial court rejected their motion to reconsider the ruling, Terra Nova and Winchester perfected this appeal.

**OPINION**

Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, that is, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't.*, 04-66 (La. 7/6/04), 880 So.2d 1. In the present case, because there are no disputed factual issues, our review is simply whether, as a matter of law, the cancellation was effective. Louisiana Code of Civil Procedure Article 966(C)(2) states:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The burden of proving that an insurance policy has been cancelled for nonpayment of premium prior to the date of a loss giving rise to the denied claim is on the insurer. *Chapman v. Leger*, 405 So.2d 604 (La.App. 3 Cir. 1981).

4

In rendering its decision, the trial court concluded that the issues were controlled by the provisions of La.R.S. 22:1150, which reads in pertinent part as follows:

> A. (1) Any insurer which issues or delivers a policy or contract of insurance pursuant to the application or request of a producer who is not authorized to represent said insurer as a producer shall be deemed to have authorized such producer as producer of record to act on the insurer's behalf. The payment to such a producer shall be payment to the insurer with all resultant obligations and duties.
>
> (2) This Subsection establishes an agency relationship only for the matter of collection of premiums specifically referred to herein.

The trial court concluded that payment to Metro/Williams constituted payment to Terra Nova and, therefore, the policy was not cancelled.

Terra Nova concedes that La.R.S. 22:1150 is pertinent to the issue of coverage and tacitly concedes that it was error for Mr. Smith to assert in his affidavit that neither Metro Insurance Agency, Inc. nor Mr. Williams was an agent of Terra Nova, at least insofar as collection of premiums is concerned. Nevertheless, it asserts that cancellation was effective through its April 17, 2002 notice of cancellation because the premium had not yet been paid when the cancellation notice was sent.

We agree that the applicable substantive law is found in La.R.S. 22:1150. Our application of that statute to the facts of this case causes us to reach the same result as the trial court, but for different reasons. We first note that there is no dispute that Terra Nova issued a renewal binder[4] pursuant to the application or request of Metro/Williams and followed that act by issuing the renewal policy a few days later. By taking these steps, Terra Nova clearly authorized Metro/Williams to act on its behalf and caused an agency relationship to come into existence *for the collection of*

---

[4]The procedure for cancellation of a binder based on a policy is the same as that for cancellation of the policy itself. La.R.S. 22:636(A).

5

*premiums* as contemplated by La.R.S. 22:1150. Thus, Metro/Williams became an agent authorized to act on Terra Nova's behalf and became empowered to collect premiums. An agent is vested with the implied authority to do all of those things necessary or incidental to the agency assignment. *Broadway v. All-Star Ins. Corp.*, 285 So.2d 536 (La.1973).

At all times pertinent to this litigation, Cendant Mortgage maintained an escrow account containing funds specifically earmarked for release or delivery to Terra Nova or its agent upon the condition of the latter's notification to Cendant Mortgage of the amount due for the 2002-2003 premium period. Metro/Williams, as Terra Nova's agent, had the power and authority to trigger this escrow condition by notifying Cendant Mortgage of the due date and the amount due for the premium. Absent this notification, this premium remained in escrow. Within five days of notification by Metro/Williams, Cendant Mortgage released the premium to it as Terra Nova's agent. In this case the only notice that Cendant Mortgage might have received prior to the cancellation was the notice that a binder and policy were being issued.[5] The binder and policy reflected the amount of the premium but were not a demand for payment. The only demands for payment were the reminders sent to Metro/Williams. As Mr. Smith stated in his affidavit, by regarding Metro/Williams as Ms. Alexander's agent and not its own, Terra Nova believed these notices were sufficient to inform Ms. Alexander of the premium and that it was due. However, as recognized above, Metro/Williams was statutorily the agent of Terra Nova. Demands

---

[5]There was no indication in the evidence that a copy of the binder or policy was sent to Cendant Mortgage . Even if copies were sent they constituted only evidence of coverage; they were not in the form of a notice of premiums due.

for payments sent to an insurer's own agent constitute nothing more than reminders to the insurer itself.

The overriding problem in this matter is the delay by Metro/Williams in notifying Cendant Mortgage that the premium was due. That inaction caused the delay in payment to Winchester and Terra Nova. Thus, the failure of Terra Nova to timely receive payment was caused solely by its own neglect or fault.

Terra Nova's argument nevertheless has a certain merit. Specifically, it asserts that, while it issued a policy through the application of its statutory agent and became bound to the obligations and duties imposed by La.R.S. 22:1150(A), it also exercised its right to cancel for nonpayment of premium in accordance with the procedure outlined by La.R.S. 22:636. Terra Nova argues that by cancelling the binder and policy before the premium was actually paid, it simultaneously cancelled the legal relationship between itself and Metro/Williams statutorily imposed by La.R.S. 22:1150(A).

We recognize the facial cogency of this argument, especially if Ms. Alexander were relying on the actual late payment of the premium as the factor undoing the cancellation. But our analysis differs from the trial court's in that we do not place primary significance on the late payment as affecting the status of the policy. Our analysis is that the cancellation was ineffective because it was based on Terra Nova's neglect, or failure to do what it should have done and what was expected of it under the particular circumstances of this case. Non-receipt of the premium was caused not by the failure of Ms. Alexander to pay the premium, but by the failure of Terra Nova and its statutory agent, Metro/Williams, to perform the standard, mechanical and simple procedure of notifying the escrow holder, Cendant Mortgage, of the amount

7

due for that policy year. Terra Nova has only itself to blame and cannot use its own mistake as a ground for cancellation of the policy. Thus, the trial court did not err in concluding that the cancellation was ineffective.

The purpose of La.R.S. 22:1150(A) is to protect the insured. *See DeSoto Parish Sch. Bd. v. Ins. Co. of N. Am.*, 572 So.2d 310 (La.App. 2 Cir. 1990), *writ denied* 575 So.2d 368 (La.1991). Considering the facts of the present case it would be inconsistent with the purpose of the statute to allow the insurer to cancel the policy to the detriment of the insured.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of the partial summary judgment in favor of Rachel Alexander finding that the homeowner's insurance policy issued to her by Terra Nova Insurance Company, Ltd. provides coverage for the damages sustained to her home on October 3, 2002. We assess all costs of this appeal to Terra Nova Insurance Company, Ltd. and Winchester General Agency, Inc.

**AFFIRMED.**

8