916 So.2d 1195 (2005)
Jacqueline Western, Wife of/and Blaine WESTERN
v.
Ronald STOOT, Nobel Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Insurance Company and M.Q. Woodward.
No. 05-CA-186.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
Brian G. Shearman, John H. Denenea, Jr., Shearman-Denenea, L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant.
David V. Batt, Joseph M. Messina, James J. Young, IV, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Plaintiffs, Jacqueline and Blaine Western, appeal from the summary judgment granted in favor of their insurance agent, Defendant, Minor Q. Woodward (Woodward). For the reasons that follow, we vacate the judgment and remand the matter to the trial court for further proceedings.
In October of 1996, State Farm Mutual Automobile Insurance Company (State Farm), issued a policy of automobile insurance to the Plaintiffs providing coverage on their two vehicles, a 1995 Jeep Cherokee and a 1995 Toyota Avalon. The State *1196 Farm policy provided full coverage on both vehicles with limits of liability coverage and uninsured/underinsured motorist (UM) coverage in the amount of $250,000/ $500,000, and an additional umbrella policy of one million dollars. On April 24, 1999, a third vehicle, a 1998 Ford Ranger, that the Plaintiffs' son won in a raffle, was added as a covered vehicle. The Plaintiffs waived UM coverage on this third vehicle. The Plaintiffs allege that they waived UM coverage at Woodward's suggestion since their son was not yet of driving age and the vehicle was not going to be used. They further allege that when their son reached driving age, Blaine Western contacted Woodward on two separate occasions requesting that the Ford Ranger be given the same exact coverage as the other vehicles. Woodward denies that these conversations took place.
On October 15, 1999, while Jacqueline Western was driving the Ford Ranger, she was rear-ended and sustained injuries beyond that covered by the tort-feasor's insurance. The Plaintiffs filed this lawsuit to recover damages sustained as a result of that automobile accident. They sued, among others, State Farm, as their UM carrier and Woodward, their insurance agent, asserting liability against him for errors and omissions in writing the State Farm policy as pertains to UM coverage.
State Farm filed a motion for summary judgment which was granted upon State Farm producing a valid waiver of UM Coverage Form applicable to the Ford Ranger. This ruling is not appealed herein. Thereafter, Woodward filed a motion for summary judgment which was also granted. It is from this latter judgment that the Plaintiffs appeal.
On appeal, the Plaintiffs argue that there are material facts remaining to be decided with regard to the cause of action asserted against Woodward, which preclude summary judgment. More particularly, there is a factual dispute as to whether Blaine Western requested a reformation of his policy to include UM coverage on the Ford Ranger.
La. C.C.P. art. 966 provides that summary judgment should be granted when the pleadings, depositions and other documents show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. The article also declares that summary judgment procedure is favored and must be construed to accomplish the just, speedy and inexpensive determination of most actions. The burden of proof remains with the mover.
It is well settled that appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. Knight v. Owens, 03-1064 (La.App. 5th Cir.2/23/04), 869 So.2d 188. We must consider whether the summary judgment is appropriate under the circumstances of the case and whether there is a genuine or triable issue on which reasonable minds could disagree. Id. A material fact is one that would matter in the trial on the merits. Id.
The undisputed facts are that the Plaintiffs had a valid automobile liability insurance policy with UM coverage on two of their vehicles and, at the time of the accident, a waiver of UM coverage as to the Ford Ranger.
The disputed facts pertain to whether a reformation of the UM coverage part of the policy had been requested by the Plaintiffs prior to the accident and not timely procured through errors and omissions of Woodward. In Blaine Western's affidavit in opposition to the summary judgment, he asserted that it was Woodward's idea to waive UM coverage on the Ford Ranger since the vehicle was not being used. Thereafter, Blaine Western *1197 asserts that in July of 1999 he had a conversation with Woodward in which he advised Woodward to make any necessary changes so that UM coverage would be included on the Ford Ranger. He further asserts that Woodward "assured him that the insurance would be placed in effect." Blaine Western contends that he again contacted Woodward in October of 1999 and was assured that all three vehicles were fully insured so that all three drivers could drive any of the vehicles and have the same coverage.
In support of the motion for summary judgment, Woodward provided an affidavit in which he stated that Blaine Western requested that UM coverage be omitted on the Ford Ranger and that at no time thereafter did anyone request that UM coverage be provided or added for the Ford Ranger.
Based on the foregoing, we find that the trial court erred in granting the summary judgment. The issue before the trial court and before us in this de novo review is whether Blaine Western requested a reformation of his insurance policy by asking Woodward to add UM coverage to his policy for the Ford Ranger after it was initially waived. In this regard there is clearly a conflict in the factual presentations made by the Plaintiffs and Woodward. A summary judgment is not a substitute for a trial on the merits. Dunn v. Pons, 03-1486 (La.App. 5th Cir.4/27/04), 873 So.2d 811; Pye v. Insulation Technologies, Inc., 97-237 (La.App. 5th Cir.9/17/97), 700 So.2d 892, writ denied 97-2571 (La.12/19/97), 706 So.2d 461. The mover has the burden of affirmatively showing that there is no genuine issue of material fact. Pye, 700 So.2d at 893.
A very similar factual situation was recently presented to this Court in Dunn v. Pons, 03-1486 (La.App. 5th Cir.4/27/04), 873 So.2d 811 in which we found the case was not appropriate for summary judgment. While there were other issues involving whether the insurer should be held liable for the insurance coverage, as between the insured and the agent, like this case, the issue involved conflicting information concerning whether the insured had requested a reformation of his insurance agreement to include UM coverage after signing the UM waiver. The Court found that the case presented material issues of fact and vacated the summary judgment.
Similarly, the issue of whether Blaine Western requested a reformation of his policy to include UM coverage on the Ford Ranger after signing the UM waiver is a material issue of fact, which is not sufficiently settled by the conflicting affidavits and deposition testimony. Accordingly, we find that the trial court erred in granting the summary judgment in favor of Woodward.
For the reasons set out above, we vacate the summary judgment granted in favor of Woodward and remand the matter to the trial court for further proceedings. Costs of appeal are assessed against Woodward.
VACATED AND REMANDED.