930 So.2d 1095 (2006)
Raymond Julius WILDE, Jr. and Lynn Marie Bercegeay Wilde, each Individually and as Members of Community of Acquets and Gains Existing Between Them
v.
Thomas R. HARRELL, ACME Truck Line, Inc., Zurich American Insurance Company and Progressive Security Insurance Company.
No. 05-CA-644.
Court of Appeal of Louisiana, Fifth Circuit.
May 9, 2006.
*1096 Steven P. Lemoine, Robert H. Schmolke, Baton Rouge, Louisiana, for Plaintiff/Appellant.
Jason A. Bonaventure, Shelly D. Dick, Amanda G. Clark, Baton Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, CLARENCE E. McMANUS, WALTER J. ROTHSCHILD and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
In this personal injury case, plaintiffs appeal the grant of a summary judgment filed by defendant, State of Louisiana through the Department of Public Safety. For the following reasons, we reverse.
The underlying action was filed by plaintiffs, Raymond and Lynn Wilde, as the result of an automobile accident. The petition alleges that, at about 11:40 p.m. on May 12, 2001, Raymond Wilde was driving a car westbound on Interstate 10 in St. James Parish. Lynn Wilde was a passenger in the vehicle. The Wildes' vehicle was struck in the rear by a van driven by Thomas Harrell, leased to Acme Truck Line, and insured by Zurich American Insurance Company. All three were made defendants. In two supplemental and amending petitions, plaintiffs added three more insurance companies, Wandalia Littlefield and the State of Louisiana, through the Department of Public Safety and Corrections (DPS).[1] Allegations against the State are that a Louisiana State Police Officer failed to use reasonable care when he blocked both lanes of traffic on Interstate 10 to facilitate the removal of a disabled school bus parked on the side of the road. Plaintiffs allege this negligence was a cause of plaintiffs' injury.
Extensive discovery was conducted by all parties and ultimately a settlement agreement was reached among plaintiffs and all defendants, with the exception of DPS, on March 17, 2003.
Subsequently, DPS filed a motion for summary judgment. In the motion, DPS refers to the depositions and affidavits of witnesses, both fact and expert, to support its contention that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiffs opposed the motion, alleging that the issue of whether the State Trooper's actions were "reasonable" under the circumstances is an issue of genuine fact remaining to be decided. Both parties attached exhibits to the memoranda which are comprised of several volumes of testimony.
After considering the motion and the exhibits, the trial court rendered summary judgment in favor of DPS and dismissed the entire matter "inasmuch as the State of Louisiana through the Department of *1097 Public Safety was the last remaining defendant in these proceedings." It is that judgment which is the basis of this appeal.
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). That article further provides that the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
As explained by our Supreme Court;
A fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. `[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.' Simply put, a `material' fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. (citations omitted)

Smith v. Our Lady of the Lake Hosp., Inc., 93-C-2512 (La.7/5/94), 639 So.2d 730, 751.
It is well settled that our review of summary judgments is to be done de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kinchen v. Louie Dabdoub Sell Cars, Inc., 05-218 (La.App. 5 Cir. 10/6/05), 912 So.2d 715. A summary judgment is not a substitute for a trial on the merits. Western v. Stoot, 05-186 (La.App. 5 Cir. 10/6/05), 916 So.2d 1195. Thus, it is an underlying principle in consideration of motions for summary judgment that no credibility determinations can be made when conflicting evidence exists. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
The judgment under consideration in this appeal is accompanied by written reasons in which the trial court stated;
The question before this court is not whether Trooper Holley could have acted differently or whether there were better options available to him, but only whether his actions were reasonable given the totality of the circumstances.. . . . . . . . .
The written reasons for judgment provide a review of the facts considered by the trial court and ultimately the court concluded:
Given the facts as stated above, the question before the court is whether it was reasonable for Trooper Holley to close both lanes of Interstate 10 westbound by himself at night, in order to remove the disabled school bus from the shoulder area. The opposition to the motion for summary judgment has presented evidence that alternatives to Trooper Holley's actions included waiting until daylight to remove the bus from the shoulder of the road, closing only one lane of traffic, using flares to alert to give advance warning to travelers, or to position an additional police vehicle further in advance of where the bus was demobilized in order to give travelers an advance warning to slow down. While the court takes note of the *1098 fact that there were other alternatives available to Trooper Holley, this court cannot say from the evidence presented to it, and in light of the Supreme Court's decision in Syrie v. Achilhab, (sic) that Trooper Holley's actions were inherently unreasonable in light of the circumstances surrounding the situation, or that the risk of stopping traffic to remove the disabled school bus was any greater than leaving the stranded vehicle on the shoulder of the road until daylight. The court therefore finds that Trooper Holley acted in a reasonable manner in stopping both lanes of Interstate traffic on the night in question. . . . . .
We find it clear that the trial court made inappropriate factual determinations in its consideration of the motion for summary judgment. The issue before the trial court was simply whether a genuine issue of fact was still undetermined, not whether the trooper acted reasonably. Whether a duty is owed is a question of law. However, whether defendant has breached a duty owed is a question of fact. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La.1993).
The case relied upon by the trial court is Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173. In that case the Supreme Court reversed a finding by the appellate court on the factual issue of negligence on the part of a state trooper in an automobile accident. That case, while instructive in the ultimate decision to be made by the trier of fact, is inapplicable here on a motion for summary judgment. It was an appeal from a full trial on the merits with a different standard of review, where the trial court makes a finding of fact that may not be set aside in the absence of manifest error.
For the foregoing reasons, the trial court's judgment is reversed and the matter is remanded.
REVERSED AND REMANDED.
ROTHSCHILD, J., dissents with reasons.
ROTHSCHILD, J., dissenting.
I have considered the opinion of the majority and I strongly disagree. After reviewing the record and the pertinent caselaw, I do not believe that there are any genuine issues of material fact in dispute, thus requiring credibility determinations and precluding summary judgment. The parties do not dispute the facts of how Trooper Holley stopped the traffic or how the accident occurred. Rather, my reading the arguments of the litigants indicates that they disagree as to whether the undisputed facts show that Trooper Holley's actions were reasonable or unreasonable under the circumstances.
Plaintiffs contend that when an officer is not making an arrest or 4th Amendment seizure and is not faced with exigent circumstances, the trial court should consider what safer or better alternatives were available to the officer, in order to determine if the officer's actions were reasonable under the "totality of the circumstances." However, this assertion is not supported in the law.
A law enforcement officer has a duty to regulate traffic and to exercise this obligation reasonably under the circumstances to protect the public. In Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173, 1177, the Louisiana Supreme Court stated that the scope of an officer's duty does not extend so far as to require that the officer choose the best method of approach, so long as his actions are reasonable *1099 under the totality of the circumstances.
In the present case, after the tow truck driver advised him that it would take both traffic lanes to remove a bus from the shoulder of the road, Trooper Holley decided to halt both westbound lane of I-10. In Trooper Holley's deposition, he testified that a trooper is permitted to stop traffic on an interstate alone, and no evidence was presented to the contrary. Trooper Holley also testified that he believed the broken bus needed to be removed from the shoulder because it posed a hazard. Plaintiff's expert admitted that it "could be a possible hazard."
Trooper Holley slowed traffic and then stopped it with his blue bar lights flashing. Drivers of vehicles behind the trooper's unit testified that the trooper's flashing lights and the brake lights of the stopped vehicles were clearly visible. There was no evidence presented that Trooper Holley's actions were not in conformity with accepted traffic control practices or regulations. Although alternative methods of removing the bus may have been available, I believe that the undisputed facts show that Trooper Holley's actions in stopping both lanes of traffic by himself at night were not unreasonable.
Under LSA-C.C.P. art. 966(C)(2), if the movant does not bear the burden of proof at trial, the movant can satisfy its burden on a motion for summary judgment by pointing out to the court that there is an absence of factual support for plaintiffs' claims. In this case, at the very least, DPS has shown an absence of support for plaintiffs' claims against DPS, because the undisputed facts do not establish that Trooper Holley's actions were unreasonable. Accordingly, I believe that the summary judgment granted in the trial court in favor of DPS should be affirmed.
NOTES
[1] The insurance companies added were Progressive Security Insurance Company, Great American Assurance Company, and Zurich American Insurance Company of Illinois. Wandalia Littlefield is alleged to be the actual owner of the vehicle Harrell was driving.