952 So.2d 828 (2007)
Debra A. WARDEN
v.
Amy LeBlanc RICHOUX, Gerald A. Richoux, II, State Farm Insurance Company, Allstate Insurance Company and the State of Louisiana through the Department of Transportation and Development.
No. 06-CA-702.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2007.
Rehearing Denied April 2, 2007.
*829 David W. Oestreicher, II, Attorney at Law, Franklin G. Shaw, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Charles C. Foti, Jr., Attorney General, Pauline G. Feist, Assistant Attorney General, Litigation Department of Justice, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiff, Debra Warden, appeals a decision of the trial court in which the court rendered summary judgment in favor of defendant, The State of Louisiana through the Department of Transportation and Development (DOTD), and dismissed plaintiff's claims against DOTD in this action for damages arising from an automobile accident. For reasons that follow, we vacate the summary judgment and remand the matter.
This matter began with the filing of a lawsuit by Debra Warden for damages and injuries sustained in an automobile accident that occurred on June 5, 2001 at the intersection of the Westbank Expressway and Central Avenue in Westwego, Louisiana. Plaintiff named Amy Rochoux, Gerald Richoux II, Allstate Insurance Company, State Farm Insurance Company, and DOTD as defendants.[1]
The petition alleges that Ms. Warden was driving westerly on the Westbank Expressway at the same time Ms. Richoux was driving north on Central Avenue just before the collision occurred. Ms. Warden entered the intersection and was struck by the vehicle driven by Ms. Richoux. A traffic signal controlled the intersection, which Ms. Warden alleges was defectively maintained and a contributing cause of the accident.
In due course, DOTD[2] filed a motion for summary judgment that was granted by the trial court, dismissing all claims made by Ms. Warden against DOTD. It is that judgment from which this appeal was taken.
In support of its motion for summary judgment, DOTD offered the deposition of Sergeant Collura, who investigated the accident which is the subject of this lawsuit. He testified that he arrived on the scene of the accident about three minutes after he received the call. When he got to the intersection of the Westbank Expressway and Central, he observed Ms. Warden's vehicle "flipped over." Sergeant Collura called for medical personal to aid in getting Ms. *830 Warden safely out of her vehicle. The sergeant also testified that when he arrived, witnesses to the accident reported that the traffic signal was green for both the northbound lane on the Expressway and westbound lane on Central. Additionally, both drivers told the officer that they had a green light. Because he was unable to determine whether either vehicle was at fault in the accident, the sergeant did not issue a citation to either driver.
Sergeant Collura testified that the normal procedure when a malfunctioning light is discovered is to report it by calling 911. The sergeant further testified that he could not recall if he had made such a call during the investigation of this accident. He did state, however, that a fellow deputy told him of a prior accident at the same intersection caused by two simultaneous green lights in April of 2000, over one year before the accident at issue herein. The sergeant admitted he had no personal knowledge of that incident.
Sergeant Collura also testified that he had heard "citizens in the city" had made statements about problems with the traffic signal light at this intersection. He further testified that he had seen the light stuck on red one way and green the other on prior occasions. However, except for the incident in question, he had never seen the light showing green in both directions.
Sergeant Collura testified that he made "three to five" reports to DOTD about the malfunctioning traffic signal light. On each occasion, a representative from DOTD came out to investigate. The position of DOTD's investigator was that it was impossible for the light to be green in both directions at the same time, dismissing reports from citizens. Sergeant Collura testified that after "hearing the same excuse from the State," he wrote a report in January of 2001 about the continuing malfunction of the light. The report was filed with the City of Westwego, and the State. Sergeant Collura further testified that he personally spoke with the engineering department of the State about the malfunctioning light at that time. DOTD dispatched an engineer who reset the light.
Also contained in the record is the police report that supports Sergeant Collura's testimony regarding the fact that both drivers and a witness to the accident reported the light was green in both directions. Further, the record contains the deposition of two witnesses to the accident. Leroy Schouest, gave a statement at the scene and a subsequent deposition in which he stated that the light was green in both directions. Corey Ardoin, also a witness to the accident, testified that both signal lights controlling the intersection were green at the same time when the accident occurred. Mr. Ardoin, who lives nearby and is familiar with the intersection, also testified that that malfunction had happened on prior occasions.
Antonio Chacon, the owner of Oscar's Auto Service located on the corner of the Westbank Expressway and Central Avenue, gave a deposition in which he testified that he personally observed malfunctions of the traffic signal at that corner. Mr. Chacon stated that he witnessed "some" accidents caused by the light showing a green signal in both directions on at least three occasions. He further testified that he had also seen repair trucks attempting to repair the malfunctioning traffic signal before June 5, 2001, the date of the accident at issue herein. Completing the exhibits from the State to support its motion is an affidavit from Steven Strength, an engineer for DOTD, which stated that no report of a malfunctioning signal light on the corner of the Westbank Expressway and Central Avenue was received on June 5, 2001; a report of a "twisted signal" received on March 28, 2001; and the supplemental *831 and amending petition filed by plaintiff in this matter.
In support of its opposition to the defense motion for summary judgment, plaintiff attached the depositions of Steven Strength and Sergeant Collura, the record of complaints regarding the traffic signal, photos, and assorted documents including a deposition from an expert witness.
In Steven Strength's deposition, he testified that he has held the position of district traffic operations engineer for DOTD since 1991. His job description includes responsibility for the crews that maintain the traffic signals. His opinion is that it is not possible for both lights to be green at the same time. Mr. Strength explained that the signal light has a conflict monitor as a backup device which causes the lights to flash in the event of a malfunction while it performs a diagnostic test.
In connection with Mr. Strength's testimony, the plaintiff introduced documents relating to the maintenance and repair of the traffic signal at the intersection of Westbank Expressway and Central Avenue. Those documents date from May of 2000 to December of 2001 and show that on several occasions the light malfunctioned, causing either the signal lights to flash rather than sequence as programmed to go out completely. On several occasions the lights were "stuck" on one color and not changing, although it is not clear from the report on which color the light was stuck. A report on June 10, 2001 shows that a colony of ants had destroyed the insulation on the signal cable causing a total malfunction of the light. It was necessary to splice wired back together to restore the light to its programmed sequence.
Plaintiff has submitted an affidavit from an expert in civil and environmental engineering, specifically in the area of traffic signalization. Dr. Peter Parsonson reviewed the depositions of Sergeant Collura, Antonio Chacon, Steven Strength, Debra Warden and Amy Richoux along with all exhibits. He further reviewed DOTD's traffic signal inventory sheets, the signal and lighting work order sheets, and other documents presented as evidence in this case. Ultimately, Dr. Parsonson opined that "to a reasonable degree of engineering probability and certainty, ...... this kind of malfunction has been known to occur from time to time and that the conflicting greens testified to by the two parties to this crash could well have occurred despite the presence of a conflict monitor in the cabinet."
LAW
Our review of summary judgments on appeal is de novo using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate. Gautreaux v. Dufrene, 04-970 (La.App. 5 Cir. 1/11/05), 894 So.2d 385, 387. Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804; writ den., XXXX-XXXX (La.2/3/06), 922 So.2d 1184.
La. R.S. 9:2800 provides that, in actions against a public entity, the plaintiff must establish that the thing which caused the damage was in the custody of the defendant, that the thing was defective because it had a condition which created an unreasonable risk of harm, that defendant had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and that the defect was a cause in fact of plaintiffs injuries. Fuselier v. Matranga, 01-721 (La.App. 5 Cir. 11/27/01), 803 So.2d 151, 154-155; writ den. 201-3393 (La.3/15/02), 811 So.2d 908. DOTD is a *832 public entity as defined by the above cited statute.
In the matter before us, DOTD has acknowledged that it had custody and control of the traffic signal light at the intersection. Further, DOTD does not challenge the plaintiff's assertion that the light was malfunctioning at the time of the accident. The issue before this Court is whether the trial court erred in finding that there is no factual support to find that DOTD had constructive or actual notice of the defective traffic signal, a necessary element of the claim.
La. R.S. 9:2800 D provides that "constructive notice shall mean the existence of facts which infer actual knowledge." Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Blount v. East Jefferson General Hosp., 04-407 (La. App. 5 Cir. 10/12/04), 887 So.2d 535, 538.
The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art.C(1). La. C.C.P. art. 966C(2) explains the burden of proof. Generally, the movant bears the burden of proof on a motion for summary judgment. However, when, as in the matter before us, the movant will not bear the burden of proof at trial, he is not required to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
We are also mindful that, although summary judgment is now favored in the law, it is not a substitute for a trial on the merits. Wilde v. Harrell, 05-644 (La.App. 5 Cir. 5/9/06), 930 So.2d 1095; writ den., XXXX-XXXX (La.9/22/06), 937 So.2d 392.
In the judgment from which this appeal was taken the trial court found that, "the plaintiff has failed to prove that defendant, The State of Louisiana, Dept. of Transportation and Development, had actual or constructive knowledge of a problem (namely, conflicting green lights) with the traffic signal at the Westbank Expressway and Central Avenue on June 5, 2001."
It is only on a clear showing that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, that summary judgments are appropriately granted. La.C.C.P. art 966. Summary judgment is not a substitute for trial. Smith v. Cajun Insulation Co. 434 So.2d 123 (La. 5 Cir. 1893); writ den. 435 So.2d 444 (La.1983). This Court has recently explained that;
A summary judgment is not appropriate where the trier of fact must weigh conflicting evidence in order to reach a conclusion upon which reasonable men could differ. Summary judgment is not an appropriate vehicle for the disposition of a case, the ultimate decision in which will be based upon opinion evidence or the judicial determination of subjective facts.
(citations omitted)

*833 Hayes v. Western United Ins. Co., 96-556 (La.App. 5 Cir. 11/14/96), 685 So.2d 228, 229-230
We believe that, given the depositions, expert testimony and other evidence submitted in support of and in opposition to this motion for summary judgment, including the testimony of Corey Ardoin and Antonio Chacon that this light had malfunctioned in this manner, with green lights displayed in both directions on occasions prior to this June 5, 2001 accident and the testimony of Antonio Chacon that this type malfunction had caused other accidents prior to this one and that he had seen repair trucks out repairing this light prior to this accident, the trial court inappropriately weighed the evidence and made a finding of fact, thereby substituting this motion for a trial on the merits. Considering the evidence contained in this record, we find reasonable minds could differ on the issue of whether DOTD had constructive or actual notice of the traffic light malfunction. Accordingly, this is a matter that should be presented to a trier of fact at a trial on the merits. Because we find the trial court erred in granting this summary judgment and dismissing plaintiff's action against defendant DOTD, we vacate the judgment from which this appeal was taken and remand the matter to the trial court for further proceedings consistent with this opinion.
JUDGMENT VACATED; MATTER REMANDED.
NOTES
[1] The City of Westwego and its insurer were made defendants in a supplemental and amending petition. However, both parties were subsequently dismissed with prejudice.
[2] Ms. Warden settled with all other co-defendants, leaving DOTD as the only remaining defendant.