986 So.2d 694 (2008)
Keith BROCK
v.
MARATHON ASHLAND OIL REFINERY.
No. 07-CA-471.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 2008.
*696 Francesco J. Guastella, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
John C. Enochs, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
In this workers compensation case, plaintiff appeals the grant of a motion for summary judgment filed by defendant, Marathon Ashland Oil Refinery. For the following reasons, we reverse.

PROCEDURAL HISTORY
Appellant filed the underlying claim for workers' compensation benefits as a result of work related exposure to toxic chemicals which he alleged precipitated and/or exacerbated his pulmonary dysfunction.[1]
Appellant began working for Marathon in 1989. He testified that his breathing problems began approximately one year after working in the hydrofluoric acid unit of the plant. The problems were so severe that on more than one occasion he sought emergency care. While the evidence in the record suggests that a family history of pulmonary disease may exist, it is certain that the appellant's treating physicians felt that his exposure to high levels of chemicals at Marathon were a considerable factor in exacerbating his breathing condition. His physicians recommended that he not work around the chemicals and in 1999, appellant filed his first claim seeking workers' compensation benefits related to occupational disease. The parties reached a settlement of that claim in September 2000, and the claim was dismissed. Appellant continued working for Marathon in another capacity.[2] Marathon subsequently terminated the appellant's employment in June 2004.
In October 2004 the appellant filed an amended claim for compensation specifically requesting supplemental earnings benefits for an occupational disease. Marathon filed a general denial and a motion for summary judgment asserting that the claimant was not entitled to supplemental earnings benefits because he had earned more than ninety percent of his pre-injury wages for more than thirteen consecutive weeks. That summary judgment was denied. Marathon sought writs, all of which have been denied.
Marathon then filed a second motion for summary judgment on the substantive issue of whether the claim had prescribed *697 and whether the condition that formed the basis of the claim was causally related to his employment with Marathon.
After considering the motion and the exhibits, the OWC judge rendered summary judgment in favor of Marathon and dismissed the claim for benefits for multiple reasons. First, the trial court found that the claim for occupational injuries had prescribed because the Louisiana Workers' Compensation Act provided that claims for occupational diseases must be filed within "six months from the date the employee `knows or has reasonable grounds to believe that the disease is occupationally related'" and this claimant filed for benefits ten years after first experiencing symptoms. The workers' compensation judge also found that the "allergic type reactions" the appellant attributed to his workplace environment within the first year of his employment gave rise to a presumption in favor of the employer that the claimant's alleged occupational disease was not related to his employment. The judge found that the claimant was unable to overcome that presumption. It is these findings that form the basis of the appeal.

LAW AND ANALYSIS
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). That article further provides that the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La.C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Wilde v. Harrell, 05-CA-644 (La.App. 5 Cir. 5/9/06), 930 So.2d 1095, 1097, citing, Smith v. Our Lady of the Lake Hosp., Inc., 93-C-2512 (La.7/5/94), 639 So.2d 730, 751. "Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Id. Simply put, a "material" fact is one that would matter at the trial on the merits. Id. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Id.
It is well settled that our review of summary judgments is to be done de novo under the same criteria that govern the workers' compensation court's consideration of whether summary judgment is appropriate. Kinchen v. Louie Dabdoub Sell Cars, Inc., 05-218 (La.App. 5 Cir. 10/6/05), 912 So.2d 715. A summary judgment is not, however, a substitute for a trial on the merits. Western v. Stoot, 05-186 (La.App. 5 Cir. 10/06/05), 916 So.2d 1195.

PRESCRIPTION
The first issue addressed by the OWC judge was the claim that the appellant's right to seek any sort of benefits related to his alleged occupational disease had prescribed. The provision effective in 1999 and relied on by the OWC judge states as follows:
All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within 6 months of the date that:
(a) the disease has manifested itself;

*698 (b) the employee is disabled from working as a result of the disease;
(c) the employee knows or has reasonable grounds to believe that the disease is occupationally related.
See La.R.S. 23:1031.1(E), eff. 1999.[3]
The OWC judge stated that because the claimant began experiencing "asthma-like" symptoms within the first year of his employment and he complained to his supervisor about his work environment then he basically knew that his work environment was the source of his problem. Thus, he should have filed his claim within six months.
This Court disagrees. The medical testimony indicates that it was not until sometime in 1998 or 1999 that appellant's treating physicians drew a correlation between his symptoms and his work environment at Marathon's petrochemical plant. Specifically, on August 23, 1999, Dr. Fazio, one of appellant's treating physicians, recommended a conference call with Dr. Stanley Peters, a consulting physician for Marathon. His work environment was subsequently changed and he reported to Dr. Fazio that "changes in the job at Marathon" had much improved his health condition.
Significantly, appellant's initial claim for benefits filed in 1999 was settled by Marathon. This settlement of the claim for benefits explicitly precludes the defendant from later asserting the defense of prescription.[4] The record contains a "Joint Motion to Dismiss without Prejudice" signed September 25, 2000. This motion reflects the intention of both parties to reach a compromise of the initial claim for compensation benefits alleging work-related disability. The document states that while Marathon denied the claim for benefits, it did permit the claimant to return to the defendant's facility in "an alternative job position with modifications which the parties believe [would] address his alleged illness." The document admits that the salary at the new position was "less than his pre-injury rate of pay," and that Marathon "agreed to institute supplemental earnings benefits and [began] the process of issuing payment of those benefits." The document concludes with a caveat:
The parties wish to make certain that a dismissal of this claim for compensation will not prejudice Claimant's right to seek the past due benefits. If this claim is dismissed at this juncture and the disability plan administrator denies the claim for benefits, then plaintiff would be procedurally estopped from re-filing his claim for benefits due to the prescriptive period or limitation period.
The document expressly protects the claimant from being prevented from later asserting a claim that would otherwise be procedurally barred by prescription. The parties contemplated the possibility that the claimant would later assert his claim for supplemental earnings benefits. Marathon cannot now argue that the claim has prescribed when it essentially waived the *699 defense of prescription in the joint motion to dismiss.
Nevertheless, the record establishes that the appellant's treating physicians determined that there was a correlation between the claimant's health issues and his work environment as of the date Dr. Fazio conferenced with Marathon's consulting physician: August 23, 1999. The appellant filed his claim for benefits in 1999, well within the limitation period set forth by La.R.S. 23:1031.1(E). The claim for benefits is therefore timely and has not prescribed.

CAUSATION
It is clear from the workers' compensation judge's reasons for judgment that the motion for summary judgment hearing was a de facto trial on the merits. In his written reasons, the judge stated that in addition to being prescribed, the claimant's claim for compensation attributable to occupational disease should fail because he could not prove a causal connection necessary to show his entitlement to benefits.
La.R.S. 23:1031.1(D) states as follows:
Any occupational disease contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by a preponderance of the evidence.
The claimant has a very high burden of proof in order to maintain a claim under this provision of the statute. However, the statute provides that this burden is only applicable when the claimant asserts a claim for work-related occupational disease within the first 12 months of employment. As we discussed in our analysis above, it is unclear when the claimant actually contracted this disease. What is clear, however, is that he did not file a claim for compensation relative to the disease until 1999, ten years after he began working for Marathon. Had the appellant filed a claim sometime within his first twelve months of employment with Marathon, when he first experienced asthma related symptoms, La.R.S. 23:1031.1(D) would apply and he would have had the burden of proving that his disease was not related to some pre-existing illness or prior exposure. That is not the case. Appellant did not know he had an occupational disease until he filed his initial claim in 1999, 10 years into his employment with Marathon. Thus, the OWC judge improperly applied the preponderance of the evidence standard as La.R.S. 23:1031.1(D) does not apply.
Finally, whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. Taylor v. Hollywood Casino, 41,196 (La.App. 2 Cir. 6/28/06), 935 So.2d 293. As this Court has stated previously, a summary judgment is not appropriate where the trier of fact must weigh conflicting evidence in order to reach a conclusion upon which reasonable men could differ. Hayes v. Western United Ins. Co., 96-556 (La.App. 5 Cir. 11/14/96), 685 So.2d 228. Summary judgment is not an appropriate vehicle for the disposition of a case when the ultimate decision will be based upon opinion evidence or a judicial determination of subjective facts. Warden v. Richoux, 06-702 (La.App. 5 Cir. 2/27/07), 952 So.2d 828.
*700 In his reasons for judgment, the workers' compensation judge relied on competing deposition testimony from various physicians who treated the claimant. Specifically, the judge recounted the testimony of Dr. Dominic Arcuri, the claimant's family physician, who testified that the claimant already had a pulmonary condition when he began working at Marathon in 1989. Yet, Dr. Arcuri also testified that he felt like the claimant's work environment contributed to his ailing health condition. There was testimony from another treating physician, Dr. Lake. Dr. Lake testified that the chemical conditions present in the claimant's work environment were a considerable factor in his pulmonary dysfunction. In 1999, Dr. Fazio actually spoke to one of Marathon's consulting physicians and a decision was made to move him to another location at the refinery, away from the chemically intense environment.
Dr. Daniel Nuss, however, testified that the claimant made "various significant omissions to his physicians" which would render any medical opinions they might have regarding causation unreliable. This testimony revolved around allegations that the claimant had a smoking history, as well as a grass cutting business. Dr. Nuss' testimony suggested that these factors would have had a significant impact on what he determined was the cause in fact of the appellant's condition. Thus, one physician presented testimony which conflicted with another physician's testimony. The dispute as to the cause in fact of the appellant's illness is material as it would affect this claimant's ultimate success. As stated previously, any doubt regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Wilde, supra, citing, Smith v. Our Lady of the Lake Hosp., Inc., 93-C-2512 (La.7/5/94), 639 So.2d 730, 751. This is one of those cases.
The OWC judge regarded the conflicting testimony as proof that the claimant would not be able to prove causation. The exact opposite is true. He should have waited until a trial on the merits to determine the sufficiency of the plaintiff's claim. We find that inappropriate factual determinations were made in consideration of the motion for summary judgment. The issue before the workers' compensation court was simply whether a genuine issue of fact existed as to the cause of the claimant's injuries. Differing opinions of treating physicians creates material issues of fact as to causation. The matter was not ripe for summary judgment.
Accordingly, we find that the granting of summary judgment by the workers' compensation judge was premature. We therefore remand the matter to the workers' compensation court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Appellant's exact diagnosis is unclear. It appears from the deposition testimony of his treating physicians that he suffered from a variety of respiratory related illnesses, including but not limited to rhinitis, sinusitis, asthma, wheezing, and allergy-like symptoms.
[2] The record is unclear as to the claimant's job description both before and after the initial claim was filed. His 2000 tax returns, however, indicate that he worked as a "process operator."
[3] This section of the statute was amended pursuant to Acts 2003, No. 733, § 1, to require that an employee file a claim with his employer within 1 year of the date that (a) the disease manifested itself; (b) the employee is disabled from working as a result of the disease; (c) the employee knows or has reasonable grounds to believe that the disease is occupationally related.
[4] The document entitled "Joint Motion to Dismiss" expressly contemplated that the claimant may one day be permitted to assert a claim for benefits that would otherwise be prescribed.