N. D.
v.
OCHSNER CLINIC, L.L.C.
No. 07-CA-567
Court of Appeals of Louisiana, Fifth Circuit.
May 27, 2008.
JAMES E. STOVALL, Attorney at Law, Counsel for Appellant, N.D.
JOSEPH J. LOWENTHAL, Jr., VIRGINIA W. GUNDLACH, Attorneys at Law, Counsel for Appellee, Ochsner Clinic, L.L.C.
Panel composed of Judges Dufresne, Jr., EDWARDS, CHEHARDY, McMANUS, and WICKER.
SUSAN M. CHEHARDY Judge.
Plaintiff, N. D.,[1] appeals from the summary judgment granted in favor of Defendant, Ochsner Clinic, LLC. For the reasons that follow, we reverse and remand.
On September 26, 2001, N.D. filed suit against Ochsner Clinic(hereinafter" Ochsner") asserting a claim for damages incurred after the wrongful disclosure of her confidential medical records to persons outside the medical facility. Plaintiff alleged that she visited the Ochsner Clinic in Kenner, Louisiana several times between March and April of 2001 for treatment, which included medical tests. Plaintiff further alleged that the test results were accessed by an Ochsner employee and communicated to others, in violation of Ochsner's duty of confidentiality to her. Plaintiff alleged that this wrongful disclosure or invasion of her privacy violated a duty owed her by Ochsner, causing her severe headaches, loss of sleep, and emotional distress.
Ochsner filed a motion for summary judgment arguing that plaintiff had waived any privilege of confidentiality she had by disclosing her test results to third parties. Ochsner further argued that plaintiff could not support her allegation that its employee, Deanna Dawson, accessed the clinic's medical records and reported plaintiffs test results to others. Finally, Ochsner argued that, even if plaintiff could support her allegation that Dawson obtained and disclosed the test results, Ochsner would not be vicariously liable for said disclosure because it was outside of the course and scope of Dawson's employment. In support of the motion, Ochsner attached parts of the plaintiffs deposition, in which she stated that she reported the test results to her previous sexual partners, and the deposition of Ochsner employee, Deanna Dawson, in which she stated that she did not know how to access medical records for Ochsner patients so she could not have accessed the plaintiffs test results.
Plaintiff opposed the motion and attached the deposition of Tracey Bailey, who stated that Dawson told her of instances, relating to two different people, when Dawson had obtained confidential medical information from the Ochsner computer system and disclosed that information to others or used it to her advantage. Bailey also stated that she worked with the plaintiff at World One Music. Bailey stated that Deanna Dawson came to their work place and told "all the employees in the office" about plaintiffs test results, which she had obtained by accessing Ochsner's computer system. In response to plaintiffs opposition, Ochsner replied that Bailey's testimony was hearsay.
On March 1, 2007, the trial court heard and granted summary judgment in favor of Ochsner, dismissing Plaintiffs claims against Ochsner with prejudice. In its judgment, the trial court held that Ochsner was entitled to judgment as a matter of law because plaintiff had "waived her patient/healthcare provider privilege and right to privacy by her own voluntary publication of her confidential medical information and further [found] the evidence was insufficient as a matter of law to hold Ochsner Clinic, LLC vicariously liable for the alleged acts of its former employee when the conduct complained of was outside the scope of her employment." It is from this judgment that plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in granting summary judgment in favor of Ochsner. Plaintiff contends that she did not waive her patient/healthcare provider privilege by telling her previous partners about her sexually transmitted disease because she was legally and morally bound to disclose the information to them. Further, her disclosure to her partners for health reasons did not waive the privilege to the extent that an unauthorized employee of Ochsner would be allowed to access and disclose her medical test results to outside parties. Moreover, Ochsner, as her healthcare provider, breached its duty of confidentiality that arises out of the practitioner/patient relationship with plaintiff when its employee, Deanna Dawson, accessed and disclosed her confidential information.
Ochsner argues, as it did in the trial court, that it is not liable to plaintiff because she waived her patient/healthcare provider privilege.[2] Moreover, Ochsner contends that it is not vicariously liable for the alleged acts of its employee because any such action by its employee occurred outside of the course and scope of her employment.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La. 7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5 Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La. 6/30/00), 766 So.2d 544. This court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, 639 So.2d at 750; Magnon v. Collins, 98-2822 (La. 7/7/99), 739 So.2d 191, 195. In Smith, the Louisiana Supreme Court addressed materiality of facts:
A fact is `material' when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. `[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.' Simply put, a `material' fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits, (citations omitted).
Smith, 639 So.2d 730, 751.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97) 696 So.2d 1031, writ denied, 97-1911 (La. 10/31/97), 703 So.2d 29. A cause of action for invasion of privacy lies under La. C.C. art. 2315 for, among other acts, unreasonable disclosure of embarrassing private facts. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La. 1979); Carr v. City of New Orleans, 622 So.2d 819 (La.App. 4th Cir. 1993), writ denied, 629 So.2d404 (La. 1993). An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiffs privacy interest. Jaubert, 375 So.2d at 1389.[3]
A summary judgment is not a substitute for a trial on the merits. Western v. Stoot, 05-186 (La.App. 5 Cir. 10/6/05), 916 So.2d 1195. Further, in considering motions for summary judgment, credibility determinations cannot be made when conflicting evidence exists. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226; Wilde v. Harrell, 05-644 (La.App. 5 Cir. 5/9/06), 930 So.2d 1095, 1097.
We find it clear that the trial court made inappropriate credibility determinations in its consideration of the motion for summary judgment. The issue before the trial court was simply whether a genuine issue of fact remained, not whether the plaintiff had waived Ochsner's duty to maintain the confidentiality of her medical records. Whether a duty is owed is a question of law. However, whether defendant has breached a duty owed is a question of fact. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La. 1993); Wilde v. Harrell, 930 So.2d at 1098. In this case, at the very least, the plaintiff has shown that there is an issue of material fact regarding whether Ochsner's employee, Deanna Dawson, accessed its computer system, retrieved plaintiffs medical test results, and reported the results in the community. Lastly, we pretermit discussion of the remaining assignments of error in light of the fact that we are vacating the trial court's grant of summary judgment.
The judgment of the district court is hereby vacated in its entirety and defendant's motion for summary judgment is denied as our de novo review indicates that a genuine issue of material fact exists. This matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WICKER, J., CONCURS IN THE RESULT WITH REASONS.
I concur with the majority's result, but I write separately to address my reasons why the district court's judgment granting summary judgment in favor of Ochsner should be reversed.
The trial judge concluded that Ochsner was entitled to summary judgment as a matter of law. She found that N.D. waived her patient-healthcare provider privilege and that Ochsner was not vicariously liable for Dawson's alleged acts.
To support its waiver argument, Ochsner relied on N.D.'s deposition in which she admitted disclosing the information to her sexual partners, relying on La.C.E. art. 502. Article 502, however, is an evidentiary article and it does not address tort liability.[1]
The trial judge in relying upon N.D.'s alleged "waiver of the privilege" to grant summary judgment on the substantive claim applied the evidentiary articles concerning La.C.E. arts. 502, 510 privilege and waiver rather than substantive negligence law.
The evidentiary patient-healthcare provider privilege is contained in La.C.E. art. 510. The evidentiary privileges are contained in La.C.E. art. 501, et. seq.
Article 501 states in pertinent part (emphasis added):
Privileges as recognized in this Chapter are evidentiary in nature, do not of themselves create causes of action or other substantive rights, and are applicable to proceedings enumerated in Article 1101.. .
1992 comment (a) to Article 501 explains (emphasis added):

The determination by a court as to whether disclosure of a communication is a violation of a substantive right of privacy is governed by applicable tort rules. Although privileges as recognized in this Chapter do not of themselves create substantive rights on the part of the holders of the privileges, the courts at times have seemingly ascribed substantive weight to such evidentiary statutes... Further, they may be interpreted to reflect state policy in favor of protecting certain confidential relationships and hence, one of the bases to infer a tortious cause of action.
Thus, there is an implied statutory cause of action for breach of this privilege. Furthermore, "a violation of a substantive right of privacy is governed by applicable tort rules." Id.
I agree with the majority's view[2] that N.D. did not waive her privacy rights by simply speaking to selected individuals. Two other jurisdictions considering a privacy right claim have reached the same conclusion. In Times-Mirror Co. v. Superior Court. 198 Cal.App.3d 1420, 1427-28, 244 Cal. Rptr. 556 (Cal. App. 4 Dist. 1988), cert, dismissed. Times Mirror Co. v. Doe, 489 U.S. 1094, 109 S.Ct. 1565, 103 L.Ed.2d 931 (1989), the court held that a murder witness did not waive her privacy right to her identity simply by talking to selected neighbors, friends, family members and official investigators since talking to selected individuals does not render private information public. She did not render "otherwise private information public by cooperating in the criminal investigation and seeking solace from friends and relatives." Id. at 1428.
In Multimedia WMAZ, Inc. v. Kubach, 212 Ga. App. 707, 443 S.E.2d 491, 492 (Ga. App. 1994), the court recognized that the right of privacy may be waived on behalf of one class and retained as against another class. The court found that the fact the defendant disclosed his diagnosis of AIDS to his family, friends, and support group did not, as a matter of law, mean he waived his privacy right to permit public disclosure to all classes of individuals. Id. at 494.
Thus, the trial court erred in determining that as a matter of law N.D. waived her privacy right by telling a small number of people she had a sexually transmitted disease. From her deposition testimony, it is clear that N.D. thought her sexual partners had reason to know of her disease. Her doctor told her to discuss the diagnosis with her former boyfriend and she told him that he should also be tested for Chlamydia.
The trial judge found that Ochsner was not vicariously liable for Ms. Dawson's alleged acts. N.D., however, alleged that Ochsner failed to monitor and control patients' records so as to prevent the unauthorized disclosure. In short, N.D. claimed that Ochsner violated her right to privacy. She alleged that Ochsner is directly liable. I agree with the majority that Ochsner owed a duty to maintain the confidentiality of records.[3] Since Ochsner owes an independent duty to N.D., the trial judge erred in finding that as a matter of law, Ochsner was not vicariously liable. Ochsner's liability does not rest solely on vicarious liability.
Having granted summary judgment as a matter of law, the trial judge did not address Ochsner's hearsay objection. Ochsner argued below that summary judgment should not be granted because N.D. relied on incompetent evidence to establish issues of material fact. "[ Inadmissible hearsay not made on personal knowledge. . . [is] not competent evidence in a motion for summary judgment." Mitchell v. Kenner Regional Medical Center, 06-620 (La. App. 5 Cir. 1/30/07), 951 So.2d 1193, 1197. Ochsner refers to Ms. Bailey's deposition in which she made the following statements.
Ms. Bailey testified that she personally heard Ms. Dawson publicly disclose N.D.'s medical diagnosis at her place of work. She testified that Ms. Dawson told her she accessed the information from the Ochsner computer. Ms. Dawson, however, testified denying the allegations.
Hearsay is defined in La.C.E. art. 801(C) as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." In Buckbee v. United Gas Pipe Line Co. Inc., 561 So.2d 76, 80 (La. 1990), the Louisiana Supreme Court explained (footnote added; internal footnotes omitted):
The hearsay rule, however, does not bar testimony not properly defined as hearsay, needless to say. When testimony concerning an out-of-court statement is not "offered as an assertion to show the truth of the matters asserted therein," see [State v. Martin, 356 So.2d 1370, 1373-74 (La. 1978)], such testimony is, by definition, not hearsay. 4 J. Weinstein & M. Berger, Weinstein's Evidence § 801(c)(01) (1988). See also State v. Jones, 558 So.2d 546 (La. 1990); C. McCormick, McCormickon Evidence § 249 (W. Cleary 3d ed. 1984) (hereinafter McCormick on Evidence). Such testimony may therefore be admissible if it otherwise meets the requirements of relevancy and materiality, and overcomes the risk of undue prejudice. G. Pugh, Louisiana Evidence Law 418 (1974); see La.R.S. 15:442, repealed by Acts 1988, No. 515 (effective Jan. 1, 1989).[4]
An out-of-court statement may be admissible as nonhearsay in the following instances, among others: (1) to prove that the out-of-court statement was made, rather than to prove the truth of the fact or facts asserted in the statement; (2) to illustrate the impact and consequent effect that the out-of-court statement had upon the state of mind of the listener or to illustrate the state of mind of the speaker; and (3) to prove the occurrence of a "verbal act" to which the law attaches duties and liabilities. McCormick on Evidence § 249.
The Court explained "Verbal act" nonhearsay as follows:
For example, in a suit for defamation, the defaming statement is the "operative fact which gives rise to legal consequences." 4 J. Weinstein & M. Berger, Weinstein's Evidence § 801(c)(01) (1988). See also McCormick on Evidence § 249 n. 4 for citations to cases which hold that specific verbal acts, such as a command, a fraudulent representation, and an agent's testimony to a principal's statement granting him agency authority, are not hearsay.
Thus, a "verbal act," i.e., operative fact which gives rise to legal consequences is nonhearsay. The "verbal act" nonhearsay situation applies here.
In State v. Garrison, 244 La. 787, 154 So.2d 400, 425 (La. 1963), reversed on other grounds. Garrison v. State of La., 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (La. 1964), a criminal defamation proceeding, the court held that "when a person has been defamed, he has been exposed to hatred, contempt or ridicule... and that the person's testimony with respect to such exposure is proof of an essential ingredient of the crime charged-Defamation-and is not hearsay."
That case is analogous. In this case, Ms. Bailey personally witnessed the alleged publication. She testified to the operative facts giving rise to the essential ingredient of the violation of the privacy claim.
The instant case is also similar to Melancon v. Hyatt Corp., 589 So.2d 1186, 1191 (La. App. 4 Cir. 1991), writ denied, 592 So.2d 411 (La. 1992). In Melancon, the defendant argued that the trial judge failed to exclude the testimony of Larry Washington and Richard Johnson as hearsay. Mr. Johnson and Mr. Washington were former employees of the Hyatt who testified that certain other employees communicated to them that Mr. Melancon had been fired for stealing towels. The court found no merit to the assignment. It concluded that "the testimony of Washington and Johnson was not offered to prove the truth of the statement made to them; i.e., that Melancon had stolen towels, but rather was offered to prove publication of that statement." Since the out-of-court statement was offered merely to prove that the statement was made, it was not hearsay.
In Doe v. Medlantic Health Care Group, INc., 814 A.2d 939, 949 (D.C. 2003), the plaintiff Mr. Doe filed a complaint against the Medlantic Healthcare Group and Tijuana Goldring, alleging tort claims of invasion of privacy based on Ms. Goldring's disclosure and breach of a confidential relationship. Ms. Goldring was a receptionist at the hospital. The breach was based on Washington Hospital Center's negligence in permitting Ms. Goldring's access to confidential patient information. Doe alleged that Ms. Goldring disclosed to his co-workers his AIDS diagnosis. Medlantic claimed that the trial court erred in admitting Donnell Fuell's statement that when Ms. Goldring told him of Doe's medical condition, she also told him that she obtained the information from the hospital. Medlantic argued that this testimony was inadmissible hearsay.
Although the court noted that Ms. Goldring testified and was available for cross-examination, it also observed that "[s]everal witnesses, including Mr. Fuell, testified that Ms. Goldring had informed them that Doe had AIDS; these statements were clearly admissible as verbal acts relevant to the invasion of privacy claim. See Puma v. Sullivan, 746 A.2d 871, 875 (D.C.2000) (statement not offered to prove the truth of the matter asserted is not hearsay)."
Thus, in light of the above jurisprudence, there was competent evidence that issues of material fact precluded granting summary judgment.
NOTES
[1] Because this case involves confidential medical information, we will use only the plaintiffs initials to maintain her privacy. Doe v. East Baton Rouge Parish School Bd., 06-1966 (La.App. 1 Cir. 12/21/07), 978 So.2d 426, 430.
[2] Ochsner argues now as it did in the lower court that, even if Dawson accessed the records and disclosed the information, Plaintiff waived any privilege she had by disclosing the information herself to her previous partners as instructed by her physician. Ochsner's argument here, as we understand it, is that Ochsner was relieved of its duty to maintain the confidentiality of its patient's medical records because its patient notified previous partners of her own test results as instructed by her physician, under a moral, if not legal, obligation. See La. R.S. 40:1062 and Meany v. Meany, 94-0251 (La. 7/5/94), 639 So.2d 229. Defendant offers no legal authority to support this argument and we can find none. Further, the result of that argument would obliterate the practitioner/patient privilege because healthcare providers would be relieved of their duty to maintain a patient's confidentiality when the patient told any third-party about a healthcare issue. Thus, if a man told his sister that he had tested positive for prostate cancer, the healthcare provider would then be free to publicize that information to any other third party, i.e. the man's employer. We strongly disagree with that argument.
[3] The trial court did not address the reasonableness of Ochsner's conduct, in light of its duty of confidentiality to plaintiff that arises from the patient/healthcare provider relationship. La. R.S. 13:3734.
[1] Article 502 provides:

A. Waiver. A person upon whom the law confers a privilege against disclosure waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This rule does not apply if the disclosure itself is privileged.
B. Disclosure under compulsion or without opportunity to claim. A claim of privilege is not defeated by a disclosure which was compelled or made without opportunity to claim the privilege.
C. Joint holders. Where two or more persons are joint holders of a privilege, a waiver of the right of one joint holder to claim the privilege does not affect the right of another joint holder to claim the privilege.
[2] See, Fn. 2.
[3] See Fn. 2.
[4] The subject matter of the former statute is now contained in La.C.E. arts. 401, 406 to 410.