PROVO STY, J.
Article 244 of the Constitution, exempts from seizure “the homestead consisting of lands, buildings and appurtenances, whether rural or urban; also two work horses, one wagon or cart, one yoke of oxen, two cows and calves, 25 head of hogs or 1,000 pounds of bacon or its equivalent in pork, whether these exempted objects be attached to a homestead or not, and on a farm the necessary quantity of corn and fodder for the current year, and the necessary farming implements, to the value of $2,000.”
The seizing creditor in this case seized plaintiff’s mule, and contends that mules not being horses the Constitution does not exempt them from seizure. He is mistaken, the term “work horses” includes mules. Ray v. Hayes, Sheriff, 28 La. Ann. 641. The Constitution manifestly so intends. And in order so to hold it is not necessary to have recourse to what is known as a liberal construction, but simply to read the statute intelligently. Courts “will not apply the rule of strict construction with such technicality as to defeat the purpose of ascertaining the true meaning and intent of the statute.” 26 A. & E. E. of Law, p. 659. Thus in Goldsmith v. State, 1 Head 156, the Supreme Court of Tennessee held that a criminal statute against horse racing was violated by the running of a mule race.
The judgment appealed from is set aside and the injunction herein is perpetuated at the cost of defendants in both courts.