# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-561


**ANTHONY CHENEVERT AND CINDY LANGWELL**

**VERSUS**

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**


**\*\*\*\*\*\*\*\*\*\***
ON WRIT OF CERTIORARI FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
AVOYELLES PARISH, STATE OF LOUISIANA
CIVIL SUIT NO. 2016-2822, Div. "A"
HONORABLE KERRY SPRUILL, PRESIDING JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Shannon J. Gremillion, and John E. Conery, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

**L. Lyle Parker**
**Christina S. Slay**
**P.O. Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPLICANT:**
**Allstate Property and Casualty Insurance Company**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Renee Y. Roy**
**107 North Washington Street**
**Marksville, Louisiana  71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
**Anthony Chenevert and Cindy Langwell**

**CONERY, Judge.**

Defendant-Relator, Allstate Property and Casualty Insurance Company (Allstate), seeks supervisory writs from the judgment of the Twelfth Judicial District Court, Parish of Avoyelles, the Honorable Kerry Spruill presiding, which denied Allstate's motion for summary judgment on the issue of insurance coverage. For the following reasons, Allstate's writ is granted and made peremptory. All claims made against Allstate by Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell are dismissed with prejudice. All costs are assessed to Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell.

## STATEMENT OF THE CASE

This suit arises out of an automobile accident that occurred on October 15, 2015, involving plaintiffs, Anthony Chenevert and Cindy Langwell, and a vehicle driven by Rodney Lee Johnson, Jr., but owned by Katelin Firmin. Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell filed suit against Allstate, alleging it provided coverage to Mr. Johnson under its policy issued to Ms. Firmin. In November 2016, Allstate filed its motion for summary judgment, asserting that coverage was not in place for Ms. Firmin or Mr. Johnson on the date of the accident because the policy previously issued to Ms. Firmin had been cancelled due to non-payment of her insurance premium on September 15, 2015.

**Notice Of Non-Payment of Insurance Premium**

The facts are undisputed that on August 15, 2015, Ms. Firmin forwarded a payment to Allstate for a premium due on the subject policy.[1] The automatic payment form Ms. Firmin's account was not honored due to insufficient funds on

---

[1] In reviewing the cancellation notice, it appears payment was attempted by automatic electronic withdrawal from Ms. Firmin's checking account, and not an actual written check payment.

August 20, 2015, and Allstate forwarded a notice of cancellation to the insured on August 26, 2015. The notice provided:

**Auto policy cancellation notice for non-payment of premium**

. . .

If you want your insurance coverage to continue and do not want it to cancel, please make sure we receive the minimum amount due by the end of the day (midnight) on September 14, 2015 or your policy will cancel at 12:01 a.m. Standard Time on September 15, 2015.

. . .

*For your convenience, you can make a payment by Check-By-Phone or Credit/Debit Card 24 hours a day, 7 days a week . . . or visit My Account at www.allstate.com.*

. . .

The Minimum Amount due includes a Past Due Amount of $404.85. As a result of being unable to collect your premium from your account, you have been removed from the automatic payment plan. You must remit payment so that it is received on or before the Cancel Date indicated on this notice or your policy will be cancelled.

A $15.00 fee has been applied as a result of the unsuccessful bank transaction.

Despite the notice of payment due from Allstate, the extra time given for payment and the multiple ways that payment could be made to insure that the policy remained in force and effect, Ms. Firmin did not make the required payment of her insurance premium, which would have reinstated her policy, until October 16, 2015, **the day after** the accident.

Plaintiffs/Respondents opposed Allstate's motion for summary judgment, arguing issues of material fact existed as to whether the cancellation letter met the strict requirements of La.R.S. 22:1266(D), namely (1) whether notice was sent "immediately" after the receipt of the returned check, and (2) whether the notice advised Ms. Firmin, as per the statutory language in La.R.S. 22:1266 (D)(3)(b)(ii), "that the policy shall be reinstated effective from the date the premium payment was due for the term of the policy only if the named insured or his legal representative presents to the insurer a cashier's check or money order for the full

2

amount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed."

After hearing oral argument of counsel, the trial court denied Allstate's motion for summary for the following reasons stated on the record:

> As you all know we're at summary judgment stage, we're at preliminary stages in these proceedings. And I do believe that the statute has to be strictly construed under the circumstances and I do not find that as a matter of law though it is a very technical defense, that there was an effective cancellation consistent with the provisions contained in Louisiana Revised Statute 22:1266, this particular part of the statute that says that the insurer shall advise the named insured that the policy shall be reinstated effective from the date that the premium payment was due for the term of the policy only if the named insured or it's legal representative presents to the insured a cashier's check or money order for the full amount of the returned check or other negotiable instrument within ten days of the notice of cancellation was mailed. I think there are certain strict requirements that have been placed on the insurance company and have to be met in order to provide with what's called an effective cancellation of the policy.
> 
>    It is not an effective cancellation and accordingly, the Motion for Summary Judgment falling short of the legal requirements of statute, summary judgment is denied under these circumstances. And this is a fact limited case, the decision is fact limited to this situation on this particular statute.

## SUPERVISORY RELIEF

A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court. When the trial court's ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981) (per curiam). This supervisory jurisdiction may also be exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the

3

mover. *Csaszar v. Nat'l Cas. Co.*, 14-1273 (La.App. 3 Cir. 11/14/15), 177 So.3d 807.

## ON THE MERITS

### *Standard of Review*

Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

An insurer seeking to avoid coverage through summary judgment bears the burden of proving that some provision or exclusion applies to preclude coverage. *Halphen v. Borja*, 06-1465, (La.App. 1 Cir. 5/4/07), 961 So.2d 1201, *writ denied*, 07-1198 (La. 9/21/07), 964 So.2d 338. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved on summary judgment. *Green v. State Farm Mut. Auto. Ins. Co.*, 07-94, (La.App. 1 Cir. 11/2/07), 978 So.2d 912, *writ denied*, 08-74 (La. 3/7/08), 977 So.2d 917. However, summary judgment declaring a lack of coverage under an insurance policy may only be rendered if there is no reasonable interpretation of the policy when applied to the undisputed material facts shown by the evidence supporting the motion under which coverage could be afforded. *Id.*

### *Statutory Interpretation*

The issue before us is strictly one of statutory interpretation. Does the notice sent to the insured have to meet the exact wording of the statute to be

4

effective? We must decide whether the statutory notice requirements must be complied with verbatim to effect a valid cancellation pursuant to La.R.S. 22:1266, or whether the notice in this case is sufficient. Neither party disputes that the notice sent by Allstate comports with the "spirit" of the law. Plaintiffs even concede their argument is "absolutely a technical argument."

Undeniably, the notice sent by Allstate to Ms. Firmin provides more time for payment, more continued coverage, and more convenient and modern methods for payment than statutorily required, but it does not contain the exact wording set forth in the statute. Therefore, we are called upon to determine what level of compliance is required in the application of the statutorily mandated cancellation notice.

Jurisprudence has long held that the rules of statutory construction require our courts to determine the intent and purpose of the legislature in enacting the law and to give effect, if possible, to that intent and purpose. The supreme court has long cautioned that "[c]ourts will not apply the rule of strict construction with such technicality as to defeat the purpose of ascertaining the true meaning and intent of the statute." *McElveen v. Goings*, 116 La. 977, 41 So. 229 (1906).

The Louisiana Civil Code commands the courts to apply the letter of the law unless the words or expressions are unclear, or its application leads to absurd results, in which case only then may the courts look to the context of the words, other statutes, and the spirit of the law. La.Civ.Code arts. 9, 10, 11, 12, and 13. Therefore, while it is the court's province to "consider the reason and spirit of a law that brought about its enactment, *Keelen v. State Dept. of Culture, Recreation, and Tourism,* 463 So.2d 1287 (La.1985), it is not free to rewrite the law to effect a

5

purpose that is not otherwise expressed." *Backhus v. Transit Cas. Co.*, 549 So.2d 283, 291 (La.1989).

Pursuant to this rule, it is the duty of the court to apply the statute as written unless a literal application would lead to an absurd result, at which point the letter of the law must give way to the spirit so as to produce a reasonable result. *Smith v. State, Through Dep't of Pub. Safety*, 366 So.2d 1318 (La.1978); *Dore v. Tugwell*, 84 So.2d 199 (La.1955).

*Applicable Statutes*

Louisiana Revised Statute 22: 1266(B)(1) provides the applicable statutory law on the issue of cancellation of an automobile liability insurance policy and provides, in pertinent part, "A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:

(a) Nonpayment of premium."

The pertinent parts of La. R.S. 22:1266(D) state the requirements for an effective notice of cancellation of an insurance policy for nonpayment of a policy premium at issue in this case:

> (3)(a)(i) Payment of an initial, renewal, or installment insurance premium by the insured to an insurer or a producer with a check or other negotiable instrument which is returned to the payee by the institution upon which it is drawn for insufficient funds available in the account, for lack of credit, for the reason the account is closed, for stopped payment, or for any other reason shall be deemed grounds for the insurer to cancel the binder or policy from the date the premium payment was due for the initial or renewal term, whichever is applicable.

> (ii) The provisions of this Paragraph shall apply to automobile liability policies and to property, casualty, and liability policies.

> (b)(i) The producer shall immediately, and in no case later than ten days after the producer or premium finance company has received notice of the returned check or negotiable instrument, notify the insurer of the receipt of the returned check or negotiable instrument.

(ii) The insurer shall immediately, and in no case later than ten days after the producer or premium finance company has notified the insurer, notify the named insured, by certified mail or delivering to the named insured a written notice that the policy is canceled from the date the premium payment was due. The insurer shall advise the named insured that the policy shall be reinstated effective from the date the premium payment was due for the term of the policy only if the named insured or his legal representative presents to the insurer a cashier's check or money order for the full amount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed.

. . .

F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.

These requirements are "mandatory and are designed to notify the insured his policy is being terminated, to provide the reason for the termination and to afford him ample time to obtain other insurance protection." *Lemons v. Safeway Ins. Co. of La.*, 02-687 (La.App. 3 Cir. 12/27/02), 835 So.2d 908, *writ denied*, 03-0285 (La. 4/4/03), 840 So.2d 1217 (interpreting La.R.S. 22:636.1 renumbered La.R.S. 22:1266 by 2008 La. Acts No. 415, § 1).

Although conceding its cancellation letter did not contain the exact statutory language, Allstate argues the trial court erred in denying its summary judgment motion because the cancellation notice did in fact comply with all the statutory requirements: (1) the notice was forwarded on August 26, 2015, at least ten days prior to the date the cancellation would become effective, September 15, 2015; (2) the notice was forwarded with proof of mailing to the named insured at the address shown in the policy; (3) the notice advised the insured, Ms. Firmin, that her insurance coverage would not be canceled effective August 15, 2015, the date of the premium for which payment was returned, but instead that the cancellation of her policy would be effective at 12:01a.m. Standard Time on September 15, 2015. Therefore, Allstate's cancellation notice, in effect gave its insured, Ms. Firmin, and

7

the driver of her vehicle, defendant, Mr. Johnson, continued coverage for a full month past the August 15, 2015 date her policy premium was due; (4) the notice contained a transaction history outlining the return of her policy premium payment on August 20, 2015, due to the insufficiency of funds, and an explanation of the minimum amount due; and (5) the notice explained the methods available for making said payment, which methods, *i.e.*, credit/debit card or checking account payments by phone or website, which are more generous than the statutory methods of cashier's check, money order, or "other negotiable instrument."

While strict construction is required in the application of La.R.S. 22:1266, there is no requirement that the cancellation notice quote the exact language from the statute. The information contained in the notice sent by Allstate to Ms. Firmin was more than sufficient to advise her of the steps she needed to take to maintain her automobile insurance coverage, and fully complied with the intent and provisions of the statute. The language of the notice clearly stated that failure to pay her automobile insurance premium by one of the several options listed in the notice would result in the cancellation of her automobile insurance coverage at 12:01 a.m. on September 15, 2015.

In compliance with La.R.S.22:1266 (D)(3)(b)(ii), the notice sent to Ms. Firmin specifically stated, "If you want your coverage to continue and do not want it to cancel, please make sure that we receive the minimum amount due by the end of the day (midnight) on September 14, 2015 or your policy will cancel at 12:01 a.m. Standard Time on September 15, 2015."

It is undisputed that Ms. Firmin did not pay her automobile insurance premium by midnight on September 14, 2015, but instead paid her premium more than one month later on October 16, 2015, **the day after** the accident. This,

despite a complete explanation of the methods available for payment of the minimum amount due, and the date the notice of cancellation of the policy was effective.

In opposition, plaintiffs argue that there is a genuine issue of material fact as to whether the notice of cancellation was sent "immediately," given that the check was returned on August 20, 2015, but Allstate did not forward the notice of cancellation until August 26, 2015. However, we find there is no genuine issue of material fact on the timeliness of Allstate's notice, given the notice was actually sent within the 10-day timeframe allowed by the statute. Therefore, this argument by the plaintiffs is without merit.

Plaintiffs further point out that the notice does not contain the necessary notification regarding reinstatement of the insurance policy upon payment by cashier's check, money order or "other negotiable instrument." Therefore, plaintiffs claim the notice was ineffective, and the policy at issue remained in effect on the date of the accident.

The statute at issue requires the insured be given an opportunity to reinstate the policy, within 10 days of the mailing of the notice, by paying the amount of the returned check by either cashier's check, money order, or "other negotiable instrument within ten days of the date that the notice of cancellation was made." In this instance, Allstate has actually given more options to its insured than statutorily required. The notice sent to Ms. Firmin did not state an intention to cancel her policy effective on **August 15, 2015**, the due date of the premium payment, and for which the payment was returned due to insufficient funds. In fact, the notice stated her insurance coverage would continue in force and effect

9

until 12:01 a.m. Standard Time on **September 15, 2015** if payment of the premium was made on or before midnight on September 14, 2015.

Accordingly, there would have been no reason for the notice sent by Allstate to Ms. Firmin to state that the policy "shall be reinstated effective from the date the premium payment was due for the term of the policy only if the named insured or his legal representative presents to the insurer a cashier's check or money order for the full amount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed." La.R.S. 1266 D(3)(a)(ii) The insurance policy issued to Ms. Firmin by Allstate was still in full force and effect until September 15, 2015 at 12:01 a.m. Standard Time.

It is undisputed that Ms. Firmin chose not to take advantage of any of the many different opportunities presented by Allstate for payment of her insurance premium. Therefore, we find that Allstate's cancellation notice more than fully complied with the legislative provisions and the intent of the statute. *Smith*, 366 So.2d 1318 (La.1978). We find than an insured cannot simply ignore a valid notice of cancellation with provisions for re-instatement more favorable than the statute actually requires, wait more than thirty days after the effective date of cancellation, and then try to send in a policy payment **the day after** a non-covered accident occurs. Such a statutory construction would produce an absurd result. Accordingly, the plaintiffs' second argument in opposition to Allstate's motion for summary judgment is also without merit.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of the motion for summary judgment and enter summary judgment in favor of Allstate Property and Casualty Insurance Company. The plaintiffs, Anthony Chenevert and Cindy

Langwell's claims against Allstate Property and Casualty Insurance Company are dismissed with prejudice. All costs of this proceeding are assigned to the plaintiffs, Anthony Chenevert and Cindy Langwell.

**WRIT GRANTED AND MADE PEREMPTORY.**